Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Evelyn M. Lishon et al., Appellees.

Argued September 26, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, DISALLE and MACPHAIL. Judges MENCER and CRAIG did not participate. Reargued March 22, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Stuart M. Bliwas,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General-Chief Counsel, and *Edward G. Biester, Jr.,* Acting Attorney General, for appellant.

*Carl K. Zucker,* with him *Harry Norman Ball,* and *Cohen, Shapiro, Polisher, Shiekman and Cohen,* for appellees.

OPINION BY JUDGE ROGERS, September 18, 1979:

This is a suit in equity against the Commonwealth of Pennsylvania. An issue is the Commonwealth's immunity as sovereign. The suit was begun prior to July 14, 1978, the date on which the Pennsylvania Supreme Court abrogated sovereign immunity. *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978). The case was first argued in this Court on September 28, 1978, the same day during which the General Assembly enacted, effective immediately, Act No. 152-1978, retroactively restoring the doctrine of sovereign immunity except with respect to eight categories of claims. The claim in this case is not within any of the eight categories. We therefore set this matter, as well as others, down for reargument in order to gain enlightenment for our consideration of the effect of both *Mayle, supra* and Act 152.

The appellees, Evelyn M. Lishon and Tidewater Inland Express, Inc. are, respectively, the owner and tenant of a parcel of real estate designated and known as 4185 East Thompson Street, Philadelphia. They commenced this litigation by filing a complaint in equity in the Court of Common Pleas of Philadelphia County in which they averred that the defendant Commonwealth of Pennsylvania, Department of Transportation (PennDOT), had filed a Declaration of Taking of a part of the East Thompson Street premises in August 1972; that in June 1973 the parties to their action and others had entered into a stipulation concerning the amendment of the Declaration of Taking; and that the plaintiffs' execution of the stipulation was upon condition and pursuant to an "understanding"

with PennDOT (a) that Thompson Street[1] would be closed off, (b) that a gate would be erected across Thompson Street, (c) that the appellees would have a key to the gate, and (d) that PennDOT would obtain for the plaintiffs a lease of land owned by the Delaware River Port Authority. The plaintiffs, here appellees, further alleged that PennDOT failed to erect the fence across Thompson Street in the manner required by the alleged "understanding" or agreement and instead had commenced construction of a fence near and across Thompson Street inconsistent with its obligation, and that PennDOT has failed to obtain for the plaintiffs a lease of land from the Port Authority. The plaintiffs' prayer for relief asks for a decree enjoining PennDOT from erecting a fence across Thompson Street in any manner inconsistent with the appellees' alleged agreement with PennDOT; ordering PennDOT to obtain a lease from the Port Authority; enjoining PennDOT from erecting a fence across any part of Thompson Street without providing the plaintiffs with access to Thompson Street and their property; and enjoining PennDOT from erecting a fence which would interfere with the use by the plaintiffs of Port Authority land.[2]

PennDOT filed preliminary objections, one of which was a petition raising a question of the jurisdiction of the Court of Common Pleas, citing Section 401(a)(1)[3] of the Appellate Court Jurisdiction Act of

---

[1] Among one of a number of matters not made clear in the complaint is whether Thompson Street and East Thompson Street are the same.

[2] It is noted that it was not alleged that this subject was a part of the "understanding" between the parties.

[3] Section 401 of the Appellate Court Jurisdiction Act is now Section 761 of the Judicial Code, 42 Pa. C.S. §761. The exception noted in the text now reads "except . . . eminent domain proceedings."

1970, Act of July 31, 1970, P.L. 673, *as amended, formerly,* 17 P.S. §211.401(a)(1), which confers original jurisdiction of civil actions against the Commonwealth except, *inter alia,* "proceedings under the Eminent Domain Code," upon the Commonwealth Court. The Court of Common Pleas of Philadelphia County overruled this preliminary objection on the ground that the exception to Section 401(a)(1) for "proceedings under the Eminent Domain Code" applied because the agreement sued on arose out of an eminent domain case. Our reading of the complaint convinces us that the only connection of this litigation with "proceedings under the Eminent Domain Code" or eminent domain generally—that the filing of an amended Declaration of Taking was the occasion or perhaps the consideration for the alleged "understanding" or agreement that PennDOT would erect a fence and obtain a lease —is too tenuous to justify a conclusion that this case is a proceeding under the Eminent Domain Code. There is no allegation in the complaint that the eminent domain proceedings, if they have not already been completed, will be in any way involved in this equity action. Therefore, it seems to us that this Court had original jurisdiction. We will therefore vacate the order of the court below but in order to save time, treat the matter as though transferred to this Court.

As we have already noted, the Commonwealth filed a preliminary objection based on the doctrine of sovereign immunity, and in *Mayle v. Pennsylvania Department of Highways, supra,* the doctrine was abrogated. However, as we have also noted, Act 152 restored the doctrine of sovereign immunity with reference to some claims against the Commonwealth, including those made here, and it restored it retroactively. In *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979), we held that the General Assembly

could constitutionally retroactively invoke the doctrine of sovereign immunity. Therefore, the doctrine would apply here. The difficulty, however, is that by reason of the inspecificity of the complaint, we are unable to form a judgment as to whether the agreements alleged in the complaint to have been entered into by the Commonwealth were incident to litigation between the parties, in which case the Commonwealth would be bound regardless of the doctrine of sovereign immunity, or whether they were made in circumstances in which the doctrine would apply. Since we are here requiring the filing of an amended complaint by the reason of the present complaint's lack of specificity we will not rule on the preliminary objections based on sovereign immunity.

PennDOT's motion for a more specific pleading raises the failure of the complaint to state whether the claim against PennDOT is based upon a writing, citing Pa. R.C.P. No. 1019(h). The objection is well taken. Pertinent paragraphs of the complaint read as follows:

5. ... on or about June 3, 1973, the parties herein along with certain other parties affected hereby, entered into a Stipulation amending the Declaration of Taking that had been filed on August 3, 1972.

6. The execution and agreement to the terms of the Stipulation by plaintiffs was upon condition and pursuant to an understanding with PennDOT that, *inter alia;*

(a) Thompson Street would be closed off at Juniata Street to all public traffic and a fence and a gate erected across Thompson Street;

(b) plaintiffs would be given a key to the gate across Thompson Street and have access to

the closed off portion of Thompson Street, adjacent to said premises; and

(c) PennDOT would obtain for plaintiffs a lease upon reasonable terms from the Delaware River Port Authority (hereinafter referred to as 'DRPA') of land adjacent to plaintiff's premises that had been acquired by DRPA, which land was under the then proposed, now existing, access ramp of the Betsy Ross Bridge. Said land was to be used by plaintiffs for parking purposes. A copy of the letters confirming this agreement is attached hereto, made a part hereof and marked 'Exhibit A'.

Pa. R.C.P. No. 1019(h) requires the pleading to state specifically whether any claim set forth therein is based upon a writing and, if so, that a copy of the writing be attached. The complaint here is susceptible of a reading that the claim was based on an oral understanding or an oral understanding confirmed by letters or on a writing—the attached letters. The court below believed the claim was based on a writing. In their brief, the appellees say that the claim is based on inducement by "action, conduct and written agreement." The complaint clearly lacks specificity with respect to the form of the agreement.

Further, Pa. R.C.P. No. 1019(a) requires that the material facts on which a cause of action is based shall be stated in a concise and summary form. It seems to us that the identity by name or position of the person or persons who represented the Commonwealth in making the alleged agreement is a material fact, the absence of which additionally exposes the complaint to the charge of lack of specificity.

Finally, the Commonwealth has filed a preliminary objection in the nature of a demurrer based on the asserted noncompliance of the parties with statutory

requirements for the execution of contracts by the Department of Transportation. This would seem to be an affirmative defense. Since we will sustain the motion for more specific complaint, a clearer statement of the appellees' claim may remove this difficulty.

## ORDER

AND Now, this 18th day of September, 1979, the order of the court below is vacated; the defendant's motion for a more specific complaint is granted and the plaintiff is directed to file an amended complaint in this Court within 20 days after notice of this order; the Commonwealth's other preliminary objections to the Complaint are overruled, without prejudice.

Judge DiSalle concurs in the result only.