618 A.2d 1118

Anthony PASTORE, Carl Pastore, Don Pastore and Paul Pastore d/b/a Pastore Brothers, Tenants in common, and d/b/a Pastore Brothers, a Pennsylvania Partnership, Petitioners

v.

COMMONWEALTH of Pennsylvania STATE SYSTEM OF HIGHER EDUCATION for the Use of EDINBORO UNIVERSITY OF PENNSYLVANIA, Maleno Developers, Inc., Louis J. and Susan J. Porreco and Millcreek Township, Respondents.

Commonwealth Court of Pennsylvania.

Argued June 17, 1992.

Decided Dec. 4, 1992.

Andrew J. Conner, for petitioners.

John G. Eldemueller, for respondents.

Before CRAIG, President Judge, DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

CRAIG, President Judge.

In this original jurisdiction case, captioned as a complaint in equity, the landowner partnership, Pastore Brothers, has sought relief for injury to its Willowood residential development in Millcreek Township, Erie County, allegedly resulting from surface water flow descending upon the Pastore property from higher land to the south, across West 38th Street, owned by Edinboro University of the Pennsylvania State System of Higher Education (the state).

The Erie County Court of Common Pleas, where Pastore filed the action and where the state joined Millcreek Township

as an additional defendant, has now transferred the case to this court on the basis of 42 Pa.C.S. § 761(a), which confers upon this court "original jurisdiction of all civil actions or proceedings ... [a]gainst the Commonwealth government," subject to five listed exceptions.

The state and the township each have presented motions for summary judgment.

Although none of the parties now question the jurisdictional transfer made by the trial court pursuant to a motion by the state, this court necessarily must first confirm whether or not jurisdiction in any respect belongs here, before proceeding to resolve the motions for summary judgment.

## JURISDICTION

### The Law

The pertinent statutory provisions governing this court's original jurisdiction in this case are found in 42 Pa.C.S. § 761, as follows:

(a) General Rule.—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

. . . .

(ii) eminent domain proceedings;

(iii) actions or proceedings conducted pursuant to Chapter 85 (relating to matters affecting government units);

(iv) actions ... conducted pursuant to ... the Board of Claims Act; and

(v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and action or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

Exception (i), as to habeas corpus, is omitted as obviously unrelated to this action.

■ Actions seeking injunctions against the state, even with ancillary claims for damages, constitute a familiar segment of this court's trial jurisdiction. But that area of our jurisdiction is subject to the important proviso that the claim be not one actually sounding in eminent domain, 42 Pa.C.S. § 761(a)(1)(ii), *Lerro v. Department of Transportation,* 32 Pa.Commonwealth Ct. 372, 379 A.2d 652 (1977), and also that it not be, as covered by 42 Pa.C.S. § 761(a)(1)(iii) above, an action for damages from negligent injuries pursuant to Chapter 85 of the Judicial Code, 42 Pa.C.S. §§ 8501–8528, the chapter which relates to sovereign immunity and waives that immunity as to specified categories of claims.

The third possibly pertinent exception to our original jurisdiction, in 42 Pa.C.S. § 761(a)(1)(v), embracing actions "in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity," obviously overlaps the Chapter 85 category but harks back to the dichotomy between the "trespass" and "assumpsit" forms of action which were consolidated within the single concept of "civil action" under Pa.R.C.P. No. 1001, which abolished the procedural distinction between assumpsit and trespass.

The Board of Claims exception, also possibly pertinent, is discussed below.

### The Complaint

A detailed examination of the Pastore "Complaint in Equity," in the light of the above statute, is necessary to decide the matter of jurisdiction. The Pastore complaint expressly invokes jurisdiction under the Storm Water Management Act (SWMA), Act of October 4, 1978, P.L. 864, §§ 13, 15, 32 P.S. §§ 680.13, 680.15 (complaint ¶¶ 19–23). These allegations refer to no other basis for a cause of action except SWMA § 13, which requires any "landowner ... engaged in ... development of land which may affect storm water runoff" to "implement such measures consistent with the provisions of the applicable watershed storm water plan as are reasonably necessary to prevent injury to health, safety or other property." This section requires assurance that the maximum rate

of runoff shall be no greater after development than before it or at least that runoff is managed in a manner which otherwise adequately protects health and property from possible injury.

Section 15 of the SWMA declares that violations shall constitute "a public nuisance" and authorizes suits in equity or at law to restrain, prevent or abate violations, and, in subsection (c) of § 15, also allows the recovery of damages in addition to any other remedy. On its face therefore, this complaint constitutes primarily an action in equity relating to an alleged violation of a statutory duty.

Although the state, in its motion for summary judgment, points out that § 4 of the SWMA, 32 P.S. § 680.4, expressly excludes "any department, board, bureau or agency of the Commonwealth" from the definition of a "person" subject to the act, this court can reach that matter of defense, an alleged basis for summary judgment, only if we have jurisdiction to make a decision on the merits.

### Count I—Vicarious Liability

Pastore's complaint sounds in three separate counts. Count I avers a cause of action based on the fact that the state is the successor in interest to its grantor, one Porreco, and is liable for all actions and inactions by that grantor from 1985, when Maleno, an owner of land having an elevation higher than the grantor's, commenced development of its property, until the time that the state acquired its land in December of 1986. (Complaint ¶ 25)

This Count I, apparently a claim of vicarious liability on the part of the state for the wrongs of its grantor, seeks in the prayer for relief under Count I, four items of relief:

a. Damages as a consequence of SWMA violations by the state's grantor and Maleno;

b. An injunction against the state to bar any further development;

c. Affirmative relief requiring the state to construct a suitable storm water management system to protect Pastore against injury by runoff; and

d. Such other relief as is "necessary to prevent Pastore's property from being damaged by continuing violations of the Storm Water Management Act and violations of the applicable common law."

## Count II—Land Alteration

Particularly to be noted is the point that the only mention of a legal foundation for this action beyond the SWMA is the reference to "the applicable common law" in the above-quoted final item d. of the prayer for relief.

Count II of the complaint rests upon averments that the state "altered the land" and thereby "has increased the surface water runoff upon the Pastore property" causing past, present and future injury. Under Count II, the complaint requests exactly the same four items of relief, with item (a) claiming damages for SWMA violations by Maleno and the state's grantor, as well as the passing reference to "the applicable common law" in item (d).

## Count III—Covenant Running with Land

Count III of the complaint avers the existence of a storm water management agreement between the state's grantor and Maleno which "ran with the land" and thus obligated the state as successor in interest to its grantor (complaint ¶ 29). Count III presents averments as to the state's alleged failure to comply with that agreement as a substantial contributing cause of the increase in runoff. The prayer for relief under Count III is exactly the same as the prayer for relief under the two preceding counts.

## Summary of Complaint

■ In summary, a liberal interpretation of the complaint identifies it as having three possible natures:

1. *Equity Action For Statutory Violation:* A claim for relief under § 15 of the SWMA for violations, vicarious or direct, of § 13 of that Act;

2. *Violation Of Covenant Running With The Land:* A claim for a violation of an agreement between the state's

grantor and Maleno, alleged to bind the state as a covenant running with the land;  and

3. *An Action For Negligence Or Nuisance Under The Common Law:* A claim for negligent or intentional nuisance resulting from the state's construction of a parking lot upon its higher land, so as to increase runoff, allegedly to the point of injury to the Pastore land.

Inclusion of the third category in this interpretation is generous because, as noted above, the only reference to the common law appears within the fourth item in each of the three prayers for relief, and not elsewhere in the complaint.

We now consider these three possible jurisdictional foundations in turn.

Jurisdiction as to Statutory Violations—Counts I, II

As noted above, the first two counts of the complaint invoke statutory duty under § 13 of the SWMA, on the ground that, in the words of the statute, there has been a failure to implement measures necessary to prevent injury to health, safety or property by providing assurance that maximum runoff be not increased or be managed in a manner which provides the necessary protection.  Examining the jurisdictional environments for such a claim, without going into the merits of alleged vicarious liability or the availability of affirmative relief at this juncture, the conclusion must be that these first two counts do not fall into any of the exceptions to the original jurisdiction of this court stated in 42 Pa.C.S. § 761(a).  Because this pair of claims is grounded expressly upon the statutory duty, it clearly does not fall into the eminent-domain exception to our jurisdiction in that it is not seeking damages or compensation for a de facto taking of property through the destruction of it as in the *Lerro* case.

Moreover, because the complaint rests the alleged duty of the state entirely upon the statute, these Count I and II claims are not founded upon negligence of the state under Chapter 85 of the Judicial Code, and the equity form of action, as well as the statutory premise, takes those counts out of the category of actions or proceedings in the nature of trespass.

Therefore, the conclusion must be that this court has jurisdiction over the claims based upon alleged statutory duty, so that we must proceed to consider the state's motions for summary judgment raising certain legal defenses.

Under these counts, the action must be said to constitute an action in equity against the Commonwealth government under 42 Pa.C.S. § 761(a) not involving the eminent domain, negligence or trespass exceptions.

Jurisdiction as to Count III—Covenant
Running with the Land

■ Count III of the complaint refers to and incorporates a "storm water management agreement" of February 19, 1985 between Porreco, the state's grantor, and Maleno Developers, Inc., owner of the higher land. That agreement first refers to and incorporates six earlier agreements between Maleno and Porreco. The new provisions provide that Maleno shall pay Porreco $45,000 in lieu of the construction of a storm water system through the Porreco land, and Porreco agrees to accept the discharge of Maleno's surface water, freeing Maleno from responsibility. The agreement requires no affirmative action of Porreco except to install a storm sewer system if the township should require it.

Paragraph 18 of the agreement states:

18. This Agreement is binding on the heirs, administrators and assigns of the Parties hereto. This Agreement may be construed as an easement for storm water drainage and runoff in the lands of Porreco and it is a covenant running with Porreco's lands.

Paragraph 19 provides that a short form agreement referring to this agreement shall be recorded. Accordingly, these averments present justiciable questions as to whether or not the state, as grantee and assignee of Porreco, an owner of part of the land burdened by the alleged covenant running with it, has assumed any of the burdens and obligations of Porreco stated in the agreement.

Because this cause of action is clearly not one for eminent domain, negligence or trespass, but is founded upon a cove-

nant running with the land in the nature of an equitable servitude, the only possible exception which could be applicable is the Board of Claims exception, 42 Pa.C.S. § 761(a)(1)(iv), embracing actions pursuant to the Board of Claims Act of May 20, 1937, P.L. 728, *as amended.*

Section 4 of that Act, as amended by the Act of October 5, 1978, P.L. 1104, § 3, 72 P.S. §§ 4651–4, gives that board "exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereinafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more." (Not pertinent is the additional jurisdiction to review claims against the Commonwealth adjusted and settled under the Fiscal Code.) Here the determinative issue is whether a contract entered into by the state's grantor and alleged to run with the land acquired by the state, constitutes a contract "entered into with the Commonwealth...." Because the covenant in this case rests on a contract entered into by parties other than the state and burdens the state (if it does at all) as "an easement for storm water drainage and runoff," this claim is clearly in the nature of an incorporeal hereditament related to the land, rather than based upon a contract "entered into with the Commonwealth."

Accordingly, the conclusion on this count must be that jurisdiction does lie within this court to adjudicate and thereby consider the merits of Count III based on a covenant running with the land.

Action for Negligence or Nuisance Under the Common Law

■ Although the complaint contains no separate count averring a cause of action based upon the common law of negligence or nuisance, the liberal construction of claims enjoined upon us by Pa.R.C.P. No. 126 requires us to take notice of this basis for a cause of action even though the Pastore complaint articulates it only under the heading of a prayer for relief. There are factual averments in other paragraphs of the complaint sufficient to support allegations of common law liability; we specifically note the claim as to the state's construction of a parking lot, in paragraph 17 of the Complaint.

■ However, a common law claim based on negligence clearly falls within Chapter 85 of the Judicial Code and is also an action in the nature of trespass as to which the Commonwealth formerly enjoyed sovereign immunity. Those bases for a claim are excluded from our jurisdiction by virtue of subitems (iii) and (v) of 42 Pa.C.S. § 761(a)(1).

Therefore, this court lacks original jurisdiction to consider and try any constituent actions for negligence or nuisance, on the part of the state, under the common law. As noted, jurisdiction to adjudicate those claims, including the threshold determination of whether or not the state is immune under Chapter 85 of the Judicial Code, 42 Pa.C.S. § 8628, must in the first instance be considered by the Court of Common Pleas of Erie County.

Remaining before this court are only (1) the claim based upon the SWMA, and (2) the claim based upon covenants imposed upon the land, to run with it, by the state's grantor.

## MOTIONS FOR SUMMARY JUDGMENT

### State's Motion

The state is seeking summary judgment in relation to three issues:

1. Sovereign immunity pursuant to Chapter 85 of the Judicial Code in that none of the exceptions to immunity are applicable;

2. Whether the SWMA itself is applicable to the state, and, if so, whether sovereign immunity applies if none of the exceptions are available; and

3. Whether Pastore is barred from obtaining any affirmative equity relief against the Commonwealth in the nature of requiring construction of facilities on the state's land.

As noted above, whether or not sovereign immunity applies as a shield for the state with respect to the claims founded upon negligence and upon trespass for nuisance must, in the

first instance, be determined by the trial court which has jurisdiction of those matters.

## Claim for Statutory Violations under SWMA

■ Examination of the Storm Water Management Act of October 4, 1978, P.L. 864, discloses that its sanctions do not apply to the state itself. Section 4 of the Act, 32 P.S. § 680.4, makes the point clear in the definition section which reads, in pertinent part, as follows:

> Whenever used in any section prescribing or imposing a penalty, the term 'person' shall include the members of a partnership, the officers, members, servants and agents of an association, officers, agents and servants or a corporation, and the officers of a municipality or county *but shall exclude any department, board, bureau or agency of the Commonwealth.* (Emphasis supplied.)

Therefore, the state is entitled to summary judgment in its favor with respect to the claim founded upon the SWMA insofar as that claim relates to alleged action by the state in constructing its parking lot or otherwise.

■ Closely related are the vicarious liability claims made under Count I of the complaint, which reads:

> 25. It is alleged that Edinboro [the state] is the successor in interest to Porreco regarding the property which it acquired and/or leased from Porreco, . . . and Edinboro is liable for all actions and/or inactions by Porreco from 1985 when Maleno commenced development of its property up until the time that Edinboro acquired this property from Porreco in December of 1986.

Plainly, because this count expressly is confined to actions by the state's grantor before the state acquired any property material to this case, it is founded upon some theory of vicarious liability with respect to violations of the Storm Water Management Act and presumably with respect to other common law wrongs allegedly committed by the predecessor-in-interest.

The nature of this claim is clearly one of vicarious liability. With respect to it, as a theory of liability, Pastore's brief contains one sentence, as follows:

One [the state] took Porreco's liability for that portion of land which [the state] received by gift from Porreco because at the time [the state] took the property, it had actual notice of Pastore's claim against Porreco.

Because the Pastore brief offers no authority for this kind of liability and research discloses none, the state's entitlement to summary judgment with respect to this vicarious liability claim under Count I is clear.

We further note that Pastore's brief in response to the motion for summary judgment states "that there are three separate theories of liability against" the state. However, after mentioning the vicarious liability, the Pastore brief deals only with alleged liability arising from the state's alteration of the property after it received the property and built a parking lot which allegedly increased the surface water runoff onto the Pastore property.

As noted above, liability for that action founded upon the SWMA cannot be asserted against the state, which the legislature has left outside of that statute. The only other possible theory of liability is the common law negligence or trespass claims which are to be left to the trial court, consolidated with the like claims against the private higher landowners.

### Affirmative Relief

Finally, the state seeks summary judgment as to any affirmative relief such as that sought by Pastore in the third item of each of the three separate, but identical, prayers for relief.

This court has stated:

By familiar principles, the [sovereign immunity] doctrine does not bar suits which seek to restrain state officials from performing affirmative acts, but it does bar suits against the Commonwealth which 'seek to compel affirmative action on the part of state officials.' Philadelphia Life Insurance Co. v. Commonwealth, 410 Pa. 571, 576, 190 A.2d 11, 114 (1963).

See, e.g., Nagle v. Pennsylvania Insurance Department, 46 Pa. Commonwealth Ct. 621, 638, 406 A.2d 1229, 1238 (1969); PennDOT v. Lishon, 46 Pa. Commonwealth Ct. 90, 94–5, 405 A.2d 1128, 1130 (1979).

*Borough of Jefferson v. Century III,* 60 Pa.Commonwealth Ct. 94, 98, 430 A.2d 1040, 1042–43 (1981).

### *Township's Motion for Summary Judgment*

■ In its complaint to join Millcreek Township as an additional defendant, the state alleges that "if the present storm system owned and operated by Millcreek Township is inadequate and is causing the alleged flooding on the Pastore property, then Millcreek Township is solely responsible to the original defendants and liable to them upon the cause of action stated in plaintiffs' Complaint."

At this juncture, there is no basis for granting the township's motion for summary judgment because the chief basis for doing so, the local agency immunity under 42 Pa.C.S. § 8542(b) does not shield the township with immunity with respect to the narrow scope of the state's claim against it. Under subitem (5) of 42 Pa.C.S. § 8542(b), a dangerous condition of sewer facilities is one of the stated exceptions to the township's immunity, and the complaint to join the additional defendant has been narrowly drawn to claim liability only on the basis of inadequacy of the storm sewer system owned and operated by the township. *Medicus v. Upper Merion Township,* 82 Pa.Commonwealth Ct. 303, 475 A.2d 918 (1984).

*Leggieri v. Haverford Township,* 98 Pa.Commonwealth Ct. 646, 511 A.2d 955 (1986), provides no authority for township immunity under the allegations present here because that case involved the township only with respect to its action in approving a subdivision, not with respect to its ownership and operation of a storm sewer system.

Accordingly, the township's motion for summary judgment must be denied at this juncture.

## CONCLUSION

Based upon the conclusions of law established above, an order will follow to the effect that:

1. As to the claim based upon vicarious liability of the state for its grantor's alleged violations of the SWMA, a matter within our jurisdiction, summary judgment in favor of the state will be granted because no basis for such vicarious liability appears;

2. With respect to the claim of the state's liability for violation of the SWMA, a claim within the jurisdiction of this court, summary judgment will be granted in favor of the state because the state is not subject to the SWMA;

3. Claims under the common law or otherwise in the nature of trespass actions for negligence or nuisance are not within the jurisdiction of this court, and those claims shall be transferred to the Court of Common Pleas of Erie County to be consolidated with the like claims against the private landowners which remain in cases there; and

4. As to the claim of Count III, based upon the Storm Water Management Agreement as an agreement, covenant or easement running with the land, which claim is within the jurisdiction of this court, the Commonwealth shall be granted summary judgment in its favor with respect to any affirmative relief thereunder;

5. The township's motion for summary judgment will be denied; and

6. Pastore shall, within thirty days after the date of this order, file a pre-trial report informing the court with respect to its claim under covenant or easement running with the land, what Pastore would be prepared to prove and claim with respect to that theory of liability, and the state shall have twenty days, after being served with that status report, to respond to it.

## ORDER

NOW, December 4, 1992, upon consideration of the pleadings, briefs and arguments, it is hereby ORDERED as follows:

1. The motion of respondent Commonwealth of Pennsylvania State System of Higher Education for the use of Edinboro University of Pennsylvania (the state) for summary judgment is granted as to the claim in Count I of the complaint alleging liability against the state for actions and inactions of its predecessor in interest;

2. The motion of the state for summary judgment with respect to Count II, relating to alleged violations of the Storm Water Management Act, is granted;

3. The motion of the state for summary judgment with respect to Count III of the complaint, relating to the Storm Water Management Agreement, is granted with respect to any and all claims for affirmative equitable relief and is otherwise denied;

4. The motion of additional defendant Millcreek Township for summary judgment is denied;

5. All claims in this case under the common law or otherwise in the nature of trespass actions seeking damages for negligence or nuisance, including such claims of the plaintiff against the state and such claims of the state against additional defendant Millcreek Township, are hereby retransferred to the Court of Common Pleas of Erie County, to be consolidated with the like claims against the private landowners which remain in the related separate cases there; and

6. To the extent that the claim in Count III of the complaint remains within the jurisdiction of this court in relation to claims for negative injunctive relief and damages, the plaintiffs shall, within thirty days after the date of this order, file with this court a pre-trial report containing:

(a) A statement of what plaintiffs are prepared to prove and claim with respect to that theory of liability; and

(b) A list of witnesses and list of exhibits which plaintiffs will offer with respect to the same.

7. The state, within twenty days after being served by the pre-trial report of the plaintiffs, shall file a response listing the witnesses and exhibits which the state proposes to offer with respect to the same.

SMITH, Judge, dissenting.

I must respectfully dissent to the Majority's conclusion that this Court must assume original jurisdiction over certain claims asserted by Pastore and transfer his remaining claims to the Court of Common Pleas of Erie County. In so concluding, the Majority mischaracterizes the nature of Pastore's action thereby resulting in a misapplication of Section 761 of the Judicial Code, *as amended,* 42 Pa.C.S. § 761. The Majority states that this action is primarily one in equity based upon alleged violations of a statutory duty under the Storm Water Management Act (Storm Act), Act of October 4, 1978, P.L. 864, 32 P.S. §§ 680.1–680.17 and that this Court shall assume jurisdiction over all claims set forth in Counts I, II and III of the complaint, except those claims based upon common law negligence or nuisance.

Pastore sets forth three possible theories of recovery. Count I is based upon Edinboro's status as a successor in interest to Porreco and negligence committed by Porreco before Edinboro acquired his property; County II is based upon Edinboro's negligence in altering the land acquired from Porreco increasing the surface water runoff; and Count III sets forth Edinboro's alleged violation of the storm water management agreement between Maleno and Porreco which, according to Pastore, runs with the land. In each count, Pastore demands damages and injunctive relief. Pastore's allegations clearly demonstrate that he is primarily seeking damages caused by flooding of his property due to an increase and alteration of storm and surface water runoff.[1]

---

1. An action at law and an action in equity are merely forms of actions, and a choice of form does not determine the question of jurisdiction. *West Homestead Borough School Dist. v. Allegheny County Board of School Directors,* 440 Pa. 113, 269 A.2d 904 (1970). *See also Gedekoh v. Peoples Natural Gas Co.,* 183 Pa.Superior Ct. 511, 133 A.2d 283 (1957).

The fact that Pastore seeks injunctive relief, in addition to his claims for damages, does not provide a basis for this Court's assumption of original jurisdiction because this action constitutes an action conducted pursuant to provisions governing the waiver of sovereign immunity under Section 761(a)(1)(iii) and "an action or proceeding in the nature of trespass" as to which the Commonwealth government formerly enjoyed sovereign or other immunity under Section 761(a)(1)(v). The Majority concludes, however, that to the extent Pastore bases his claims upon violation of the Storm Act, this Court has original jurisdiction because those claims are not founded upon common law negligence and therefore are not in the nature of trespass.

The Majority's conclusion is contrary to the principle established in *Balshy v. Rank,* 507 Pa. 384, 490 A.2d 415 (1985), in which the Pennsylvania Supreme Court rejected the argument that an action brought under 42 U.S.C. §§ 1983, 1985 are not actions in the nature of trespass under Section 751(a)(1)(v) because they are based upon statutory and not common law remedies. After explaining the historical basis for Section 761(a)(1)(v), the Court held that Sections 1983 and 1985 created a species of tort liability and provided remedies available to plaintiffs "in an action for damages" and that actions against the Commonwealth or its officers for money damages, whether based upon statutory or common law liability, are outside this Court's original jurisdiction.

Section 16(b) of the Storm Act, 32 P.S. § 680.16(b), provides that "[i]t is hereby declared to be the purpose of this act to provide additional and cumulative remedies to abate nuisances." Section 13, 32 P.S. § 680.13, sets forth obligations of landowners engaged in the alteration of land to implement measures reasonably and necessary to prevent injury to health, safety or other property; and under Section 15, 32 P.S. § 680.15, any person injured due to violations of the Storm Act can recover damages in an action at law and may further seek injunctive relief in an action in equity. At common law,

property owners have a cause of action for damages to their property resulting from the increased flow of surface water caused by an artificial use of adjoining land. *Westbury Realty Corp. v. Lancaster Shopping Center, Inc.*, 396 Pa. 383, 152 A.2d 669 (1959). Therefore, Pastore's action, whether based upon provisions of the Storm Act or common law negligence, constitutes an action in the nature of trespass under Section 761(a)(1)(v) and consequently deprives this Court of original jurisdiction over Pastore's claims.

Moreover, where an action turns on the same legal question, an action in equity may be joined with an action at law. *Meara v. Hewitt*, 455 Pa. 132, 314 A.2d 263 (1974). Where an adequate legal remedy exists, it is appropriate for a court in equity to transfer the case to the law side of the court for disposition. *Fawber v. Cohen*, 516 Pa. 352, 532 A.2d 429 (1987). Also, an action in equity is inappropriate where the measure of damages in trespass actions is flexible enough to properly recompense the plaintiffs. *Id.* Thus, this Court may properly transfer the entire case sub judice to the trial court for its disposition.[2]

In addition, Pa.R.C.P. No. 1020(d) provides that if a transaction or occurrence gives rise to more than one cause of action against the same person, they shall be joined in separate counts in the action against any such person. Failure to assert a cause of action under this mandatory joinder rule

2. The term "action or proceeding" under Section 761 of the Judicial Code includes the entire case arising out of a single or series of transactions or occurrences, and judicial economy is advanced by permitting a comprehensive disposition of litigation in one proceeding. *Department of General Services v. Frank Briscoe Co.*, 502 Pa. 449, 466 A.2d 1336 (1983). Section 931(a) of the Judicial Code, 42 Pa.C.S. § 931(a), provides that "[e]xcept where exclusive original jurisdiction of 'an action or proceeding' is ... vested in another court of this Commonwealth, the courts of common pleas shall have unlimited jurisdiction of 'all actions and proceedings,' including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." Applying the definition of "action or proceeding" to this case, the trial court inevitably has original jurisdiction over the entire case whether arising out of a single or a series of transactions or occurrences.

results in a waiver of that claim. *Hineline v. Stroudsburg Electric Supply Co.*, 402 Pa.Superior Ct. 178, 586 A.2d 455, *appeal denied*, 528 Pa. 630, 598 A.2d 284 (1991). The purpose of this rule is to insure that a cause of action arising out of the same transaction or occurrence be tried together in the same action to prevent piecemeal litigation. *Id.* Pastore complied with this mandatory joinder rule and set forth three theories of recovery in the complaint. However, the Majority splits the causes of action and creates a result which is inimical to the purposes of Rule 1020.

A clear example of the anomaly presented by splitting the causes of action for trial purposes is shown by this Court's decision to transfer to the trial court all claims based upon common law negligence and to assume jurisdiction over those claims based upon violation of the storm water management agreement, although Pastore is seeking damages caused by a single harm, i.e., flooding from the increased storm and surface water flow. In this situation, evidence for assessing damages under either theory of tort or breach of contract would be duplicative; it therefore becomes evident that two separate trial proceedings required by this Court's decision would neither serve judicial economy nor otherwise comply with mandates of the Judicial Code. I would therefore transfer the entire case to the trial court for its disposition.

KELLEY, J., joins in this dissent.