950 A.2d 382 (2008)
Laurence J. MAZIN, D.D.S., Petitioner
v.
BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS; Basil L. Merenda, in his official capacity as Commissioner of the Bureau of Professional and Occupational Affairs and Member of the State Board of Dentistry; State Board of Dentistry; Lisa M. Burns, in her capacity as Administrator of the State Board of Dentistry; Susan E. Calderbank, D.M.D. (Chairperson), Mariellen Brickley-Raab, R.D.H. (Secretary), Howard Tolchinsky, D.M.D., Sara Rajca, Esq., Thomas W. Braun, D.M.D., Ph.D., Richard H. Cutler, D.M.D., Douglas P. Marinak, D.D.S., John V. Reitz, D.M.D., Allan M. Horwitz, Esq., Gwendolyn M. White, in their official capacities as Members of the State Board of Dentistry; and Veasey B. Cullen, Jr., D.M.D., in his capacity as former Chairperson of the State Board of Dentistry, Respondents.
No. 321 M.D. 2007
Commonwealth Court of Pennsylvania.
Submitted on Briefs March 14, 2007.
Decided June 10, 2008.
*384 Kathryn L. Simpson, Harrisburg, for petitioner.
Cynthia K. Montgomery, Sr. Counsel in Charge and Peter V. Marks, Sr., Executive Deputy Chief Counsel, Harrisburg, for respondents.
BEFORE: McGINLEY, Judge, PELLEGRINI, Judge, and COLINS, Senior Judge.
OPINION BY Senior Judge COLINS.
Laurence J. Mazin, D.D.S. has filed an amended petition for review in this Court's original jurisdiction in response to which the Commonwealth's Department of State (Department) has filed preliminary objections. The document Dr. Mazin filed also included a petition for review seeking to challenge a final adjudication and order of the State Board of Dentistry that had assessed him a fine of $900 for failing to comply with the Board's regulations requiring dental practitioners to complete biennial continuing education requirements. The document also sought a stay or supersedeas while both the appeal and this original jurisdiction matter were or are pending. The Department filed preliminary objections to the original jurisdiction matter, which this Court stayed pending our resolution of the appellate aspect of the case.
In a decision dated February 20, 2008, this Court affirmed the Board's order and imposition of the $900 civil penalty.[1] Thereafter, the Court assigned the resolution of the preliminary objections to the remaining original jurisdiction matter to this panel. The facts, as pleaded and briefly summarized below, establish the following pertinent history.
The Board licenses dental practitioners for two-year periods ending on March 31 of odd-numbered years. In order to maintain their entitlement to their licenses, the Board requires practitioners to complete thirty hours of continuing dental education *385 during the biennial period of their license. Practitioners must satisfy this requirement by taking at least fifteen of their required hours in lecture or clinical presentations. They may satisfy the remaining requirements through individual study.[2]
The license renewal application form requires applicants to indicate whether they have complied with the thirty-hour requirement. For the April 1, 2003 through March 31, 2005 licensing period, Dr. Mazin had completed nineteen hours of clinical or lecture presentation continuing education credits and had purchased twelve hours of individual study courses. As indicated in paragraph 25 of the amended petition for review, on February 24, 2005, Dr. Mazin suffered from a detached retina that required emergency surgery. In recovering from the incident and the surgery, Dr. Mazin was directed not to read anything. Dr. Mazin sustained a second detached retina that required additional surgery on March 24, 2005. The second incident and surgery similarly required that Dr. Mazin not read. Consequently, Dr. Mazin could not read the continuing educational materials he had purchased. Despite this impairment, Dr. Mazin had his daughter read the materials to him, ask him the sponsor questions, and mark his answers to the questions; but, he did not complete the individual study course by submitting those responses to the course sponsor before the end of March. That submission, and his receipt of the sponsor certificates for the twelve hours of courses were apparently the only failure on his part to comply with the Board's continuing education requirements.
In accordance with Board regulation 49 Pa.Code § 33.401(g)(2), Dr. Mazin submitted a letter to the Board dated March 29, 2005, two days before the end of the compliance requirement period, seeking a waiver of the continuing education requirement and a two-month extension for completion of his requirements. The Board responded to Dr. Mazin's request by letter dated April 5, 2005 indicating that the Board would consider the request after receiving a physician's verification of Dr. Mazin's condition. However, the Board's letter did not specify a date by which Dr. Mazin was required to ensure that his physician submitted such verification.
In May 2005, a period at least one month after the end of the compliance period, Dr. Mazin submitted his answers to the course sponsor and obtained his certificates for the twelve hours of individual study courses he took. On an unspecified date, Dr. Mazin requested his surgeon to submit a verification to the Board, as requested. His surgeon complied by a letter dated May 26, 2005 that was faxed to the Board May 31. Dr. Mazin submitted his on-line license renewal application to the Board on or about May 28, 2005, but after he had completed all of his continuing education requirements. In completing that on-line form, Dr. Mazin replied "yes" to the question of whether he had completed all of his continuing education requirements.
The Board sent a letter to Dr. Mazin dated June 13, 2005 rejecting Dr. Mazin's request for an extension of time to comply with his requirements. The letter indicated that the reason the Board was denying the request was that the Board did not receive the medical verification letter in a timely fashion, despite the fact that the Board's initial letter contained no cut-off *386 date within which it expected to receive the medical verification. The letter also indicated that Dr. Mazin must complete the continuing education requirements before he could renew his license. Dr. Mazin asserts that he tried to contact the Board after he received the June 13 letter, and spoke to someone named "Mike" who told him that "everything appeared to be `OK' and [that] there were no disciplinary actions against" him. Petition for Review, paragraph 40.
The Board initiated disciplinary charges against Dr. Mazin through an order to show cause asserting that he (1) failed to submit documentation that he had completed the required continuing education credits, and (2) falsely certified on his license renewal application that he had complied with the continuing education requirement, and (3) failed to comply with the continuing education requirement for the license period in question. Ultimately, the Board concluded that the evidence supported only the third charge  that Dr. Mazin had failed to complete his continuing education requirements within the compliance period.
Additionally, Dr. Mazin notes specific aspects of the 2005 on-line renewal application and the newer 2007 renewal application. The pleadings in the petition for review suggest that (1) the 2005 application seeks a response to the question of whether the applicant complied with the educational requirements during the 2003-2005 period (which ended on March 31, 2005), (2) applicants must have complied with the requirement during that period unless they are entitled to claim an exemption, (3) applicants are not required to submit certificates of completion to the Board, but must keep such certificates for a four-year period, and (4) the newer on-line application for 2007 makes a distinction between exemptions and extensions or waivers based on medical situations, and permits extensions only if the applicant has already received approval for an extension before submitting the application.
Dr. Mazin's original jurisdiction action includes the following counts: (1) negligence, (2) injunction, (3) mandamus, (4) declaratory judgment, and (5) violations of the Americans with Disabilities Act. (ADA or Act), 42 U.S.C. §§ 12131-12300. The Board's preliminary objections assert that (1) the court lacks jurisdiction; (2) the petition for review does not state a cause of action in negligence that avers facts that constitute an exception to the Board's sovereign immunity; (3) the injunctive and mandamus relief Dr. Mazin requests are extraordinary remedies that are not appropriate in this matter because Dr. Mazin had an adequate remedy at law; (4) declaratory relief is not available in this case because Dr. Mazin is seeking to challenge the order of a tribunal that is subject to and has been resolved already (at least before this Court) through the appellate process, and further, the grant of such relief is discretionary and would not resolve the controversy; and (6) as to the ADA, Dr. Mazin has failed to state a cause of action under the Act because he has not asserted a long-term or permanent injury and also, he did not assert his right in a timely manner.

Negligence
Dr. Mazin contends that he is entitled to damages for pain and suffering, medical expenses, and loss of income allegedly caused by the Board's actions. Dr. Mazin's negligence claim asserts that the Board acted negligently in continuing to pursue its disciplinary claim against him with regard to both the single charge that remained the subject of the final adjudication and the two charges the Board concluded were not supported by the evidence. Dr. Mazin contends that the *387 Board's conduct with regard to these two charges constitutes negligence because it should have known that he had completed the course work at the time he submitted his renewal application and that he did not falsely stated on his on-line application that he had completed his course work.[3] The Board's negligence, Dr. Mazin asserts, also consists of its promulgation of "vague, misleading, incomplete, and confusing regulations and instructions." Petition for Review, Paragraph 125. Further, Dr. Mazin claims that the Board was negligent in its training and supervision of its employees.
Chapter 85 of the Judicial Code provides the sole source of exceptions to the Commonwealth's sovereign immunity. In order to maintain a legal action against the Commonwealth for damages sustained as the result of a negligent act, a plaintiff must establish that the alleged negligent act falls within one of the statutory exceptions to sovereign immunity. In response to the Department's claim of immunity relating to the negligence claim, Dr. Mazin, citing this Court's decision in Pastore v. State System of Higher Education, 152 Pa.Cmwlth. 111, 618 A.2d 1118 (1992), rather than addressing the question of whether one of the statutory exceptions applies, suggests that the Court should transfer the matter to the appropriate common pleas court because this one count sounds in negligence. Although Dr. Mazin has not briefed this question adequately,[4] the jurisdictional nature of the issue requires the Court to resolve the question.
Our Supreme Court's plurality decision in Stackhouse v. Commonwealth, 574 Pa. 558, 832 A.2d 1004 (2003) addressed the jurisdictional question of whether this Court or the common pleas courts should resolve the claims a litigant brought against the Pennsylvania State Police that included requests for declaratory and injunctive relief and also a tort claim seeking monetary damages. The opinion rendered in support of the Court's order remanding the matter to the common pleas court concluded that the action as a whole arose under a set of alleged facts and claims involving a tort, and consequently, the common pleas court, rather than this Court, had jurisdiction over the matter despite the inclusion of requests for injunctive and declaratory relief that ordinarily would have lied within this Court's original jurisdiction. Justice Newman concurred in this result, but opined that the Court could have reached the same outcome without re-characterizing the claim as sounding entirely in tort. Rather, according to Justice Newman, because the General Assembly expressly removed claims for money damages (for which the state formerly enjoyed sovereign immunity) from this Court's original jurisdiction, this Court could not exercise ancillary jurisdiction over the tort claim. Consequently, she opined, the common pleas court, by virtue of its sole jurisdiction over the tort action would have ancillary jurisdiction over the requests for injunctive and declaratory relief.
On the other hand, the opinion representing the conclusions of the three dissenters offered that, although the common *388 pleas courts do have jurisdiction over tort matters, this Court should first consider whether the plaintiff is entitled to the request for equitable and other relief that is within this Court's power to grant. Following such determination, the Court could remand any remaining claims to the common pleas court.
In this Court's decision following Stackhouse, Miles v. Beard, 847 A.2d 161 (Pa. Cmwlth.2004), petition for allowance of appeal denied, 582 Pa. 690, 870 A.2d 325 (2005), the Court considered a so-called hybrid case involving a complaint that included counts seeking both damages for an alleged tort (within the jurisdiction of the trial court) and equitable relief (within this Court's original jurisdiction). The Court opined that, like Stackhouse, the plaintiff had not even attempted to separate the causes of action through the denomination of separate counts in the complaint. Thus, as in Stackhouse, the Court, upon recognizing the tort action in the complaint, concluded that the common pleas court had jurisdiction over the complaint. Judge Friedman wrote a concurring and dissenting opinion citing this Court's decision in Pastore, wherein the Court addressed a multi-count complaint that included monetary damages in the plaintiff's prayer for relief. The Court concluded that the complaint included a tort action seeking money damages and that therefore, this Court did not have jurisdiction over that aspect of the complaint. The Court resolved the matter by addressing those equitable counts in the complaint that clearly were within this Court's original jurisdiction, and re-transferring the remaining trespass action to the common pleas court.
The majority in Miles, distinguished Pastore, by noting that the plaintiff in that case had crafted his complaint by incorporating separate counts. This present case therefore falls within the rationale of Pastore, as Dr. Mazin has included a distinct count in his complaint seeking money damages based upon the alleged negligence of the Board. Accordingly, we believe that Pastore controls and therefore the Court may not address either the merits of this count or the threshold question of whether the Board enjoys sovereign immunity with regard to the negligence claim. Pastore, 618 A.2d at 1127. Consequently, the Court will transfer this count to the common pleas court following disposition of the merits on the remaining preliminary objections.

Equity/Injunction and Mandamus Counts
In Count II of the complaint, Dr. Mazin, alleging that there is no adequate remedy at law for the Board's alleged failure
to train and supervise Board staff, failure to promulgate adequate regulations, failure to implement and/or follow proper practices and procedures concerning applications to the Board for extensions or waivers of the [continuing dental education] requirements and disciplinary proceedings, and failure to maintain adequate communications with licensees . . . ,
seeks an order of the Court that among other things, (1) invalidates the order to show cause that initiated the proceedings against Dr. Mazin, or alternatively allows him to amend his answers to the rule to show cause, (2) a direction to the Board to issue a letter essentially exonerating Dr. Mazin by stating that he, at all times had a valid license and that the Board should not have issued the rule to show cause, (3) direct the Board to maintain in its files a copy of the letter and to forward copies of it to insurers and licensing bodies upon request of Dr. Mazin, and (4) adopt policies and regulations that would prevent *389 similar effects to befall other practitioners.[5]
Count III of the complaint, seeking relief in the nature of mandamus, asserts that the Board's regulations are unconstitutional in that the Board, in its decision, stated that Dr. Mazin waited to make his extension request until the last day of the educational requirement period, and that the regulation, by not indicating a date by which the Board will accept extension requests results in a denial of due process to Dr. Mazin. In this Count, Dr. Mazin reasserts his claims that the Board's regulations fail to apprise practitioners of the licensing and educational deadlines and requirements and that the Board has failed properly to train its employees and to supervise or train its administrator. Dr. Mazin seeks a determination by this Court that the Board has failed to perform duties the law requires without justification and asks the Court to require the Board to adopt regulations that will inform practitioners of their rights and duties with regard to requests for extensions of time to complete educational requirements and to adequately train and supervise its employees in the proper administration of the Board's regulations.[6]
The Department objects to these two counts, arguing that (1) this Court lacks jurisdiction over the claims because Dr. Mazin is challenging the same regulations and procedures that led to the Board's prosecution and issuance of the adjudication this Court has already affirmed, and (2) those proceedings provided an adequate remedy at law to address Dr. Mazin's claims. The Department contends that Dr. Mazin has failed to state a cause of action for which relief can be granted under either of these counts.
We first note that the Department is correct in asserting that Dr. Mazin's complaint seeks essentially the same relief he sought in his appeal of the adjudication; thus, there appears to be no jurisdictional basis to proceed with these original jurisdiction matters. The Court has already concluded in the appellate matter that the Board's regulations provided sufficient clarity to practitioners by indicating that certificates of completion or printouts obtained by the licensee from the educational provider would satisfy the completion requirement. Accordingly, we believe that the Court has already addressed the issues Dr. Mazin raises in his original jurisdiction action. However, we will proceed to review his claim under the appropriate standards for injunctive and mandamus relief.
In order to obtain permanent injunctive relief, a party must establish the following elements relative to their claims: (1) the right to relief is clear, (2) the injunction is necessary to avoid an injury that cannot be compensated by damages, and (3) that greater injury will result if the court does not grant the injunction than if it does. Kuznik v. Westmoreland County Board of Commissioners, 588 Pa. 95, 902 A.2d 476 (2006).
We agree with the Department that the relief Dr. Mazin seeks is unavailable. Initially, we do not believe that he has established a clear legal right to relief. Dr. Mazin rests his request for relief in part upon the claim that the relief he seeks *390 would prevent other practitioners from having a similar experience. However, as Dr. Mazin notes, the Board has altered its procedures for requests for extensions of time to comply with the continuing education requirements, and he has not established that these changes do not resolve the difficulties he claims arose under the regulations applicable to practitioners in the 2003-2005 licensing period. Further, any additional practitioners who have been or continue to be affected by the past regulations would have had, like Dr. Mazin, an adequate remedy at law to challenge the Board's action. Accordingly, we will sustain the Board's preliminary objection to Count II.
As to Count III, relief in the nature of mandamus is appropriate where a party seeks to compel the performance of a ministerial act or a mandatory duty by an official. Mandamus is not suitable where a party seeks to compel the performance of a discretionary act. Barndt v. Pennsylvania Department of Corrections, 902 A.2d 589, 592 (Pa.Cmwlth.2006). A court, in considering a request for mandamus relief, cannot direct the manner in which an official performs a discretionary function, Seeton v. Pennsylvania Game Commission, 594 Pa. 563, 937 A.2d 1028 (2007); however, mandamus is appropriate where a legislative or regulatory scheme directs that an act be done within a prescribed time period.
However, Dr. Mazin, who is asking the Court, among other things, to direct the Board to adopt regulations that Dr. Mazin believes will resolve an ambiguity regarding regulations involving requests for extensions of time to meet the Board's requirements, has not established that the relief he seeks constitutes a means to compel the Board to perform a ministerial act or mandatory duty, or to perform an act prescribed by legislation or regulation within a particular timeframe. Accordingly, we will sustain the Department's preliminary objection to Count IV.

Declaratory Judgment Count
Dr. Mazin asserts that he has no adequate remedy at law for the problems he has experienced with regard to the Board's continuing education requirements. He claims that he needs a declaration as to his rights and duties under the former method for obtaining an extension of time that would address, among other things: (1) the means by which to determine when a practitioner has completed an individual study course; (2) the alleged failure of the regulations to create a cause of action against a practitioner for failure to complete the educational requirements; (3) the date by which a practitioner must submit a request for a waiver of educational requirements or extension of time to comply and the appropriate method by which to make such requests, under the former regulations. For the reasons stated above in our discussion of Dr. Mazin's injunctive and mandamus claims, we also conclude that we lack jurisdiction over this declaratory judgment action.
Further, under the Declaratory Judgment Act, 42 Pa.C.S. §§ 7531-7541, a party may seek such relief when the grant of relief will provide the party with a clear judicial declaration as to his legal rights, and is appropriate where such a determination will help resolve a genuine and justiciable controversy. Warner v. Continental/CNA Insurance Cos., 455 Pa.Super. 295, 688 A.2d 177 (1996), petition for allowance of appeal denied, 548 Pa. 660, 698 A.2d 68 (1997). However, Dr. Mazin has not articulated how the resolution of his appeal has not resolved these issues already. He raised arguments in the appellate action that brought these issues to the attention of the Court and the Court resolved *391 them. Also, courts are empowered to exercise their discretion in determining whether to consider requests for declaratory judgment. Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission, 903 A.2d 117 (Pa.Cmwlth. 2006).
In this case, the Court takes judicial notice of the fact that the Board has altered its policies regarding requests for extensions of time to complete the continuing education requirements that Dr. Mazin is challenging. Dr. Mazin has failed to demonstrate the necessity of considering his request for declaratory relief. Because the Court believes that our appellate decision has answered the questions that Dr. Mazin's request for declaratory relief raises, and because the new application process creates a new scheme regarding continuing education requirements, we will not consider Dr. Mazin's request for declaratory relief and will sustain the Department's preliminary objection to Count IV.

Americans With Disabilities Act
Count V of Dr. Mazin's complaint seeks relief under the Americans with Disabilities Act (Act), 42 U.S.C. §§ 12131-12300, asserting that, at the time of the events leading up to the Board's adjudication, he was a "qualified individual with a disability" under the Act, and that the Board's actions constitute discrimination (by failure to make reasonable accommodations for him) and retaliation against him (for exercising his rights and by treating him more harshly than other licensees).
The Department argues that the Court should dismiss this Count in the Complaint because (1) Dr. Mazin's disability was not permanent and therefore his condition does not constitute an impairment under the Act; (2) Dr. Mazin did not specifically request an accommodation under the Act; and (3) the Board did not discriminate against him on the basis of his assertion of rights under the Act, because Dr. Mazin did not raise the question of whether the Act applied until he filed his amended petition for review.
Dr. Mazin argues that, even if the Act only applies to long-term or permanent conditions, the Court should not sustain the preliminary objection to this Court because "the Commonwealth has not proven that Dr. Mazin's injury or disability was `of a temporary, non-chronic nature.'" Dr. Mazin's brief at 22, quoting the Department's brief at 16. Thus, Dr. Mazin argues that there is factual issue regarding the nature of his injury and whether it constituted a substantial impairment of his life activities. We agree with Dr. Mazin that this does present a factual issue. Further, certain federal case law indicates that a litigant need not use the magic words "ADA" in order to put an entity on notice that the action a party has requested triggers the Act. We also note that Dr. Mazin's failure to raise the issue before the Board in the appellate aspect of this case does not constitute a waiver of the claim in this original jurisdiction action.
However, although Dr. Mazin may be correct with regard to the presence of a factual issue, we note that the relief he seeks under the Act is limited to damages to compensate him for the injuries the Board caused him as a result of its alleged violations of the Act and attorneys fees. Because the relief Dr. Mazin seeks is such that is not encompassed within this Court's original jurisdiction, as we similarly concluded with regard to Count I, we will also transfer this Count to the Court of Common Pleas.
Based upon the foregoing discussion, we will sustain the Department's preliminary objections as to Counts II, III, and IV. We *392 will transfer the remaining Counts I and V to the Court of Common Pleas of Dauphin County for resolution of the preliminary objections to these claims.

ORDER
AND NOW, this 10th day of June, 2008, the preliminary objections of the Commonwealth to Counts II, III, and IV are sustained. The remaining claims in Counts I and V, and the outstanding preliminary objections to those claims, are transferred to the Court of Common Pleas of Dauphin County.
Jurisdiction relinquished.
NOTES
[1] The decision is docketed at the same number as this original complaint, 321 M.D.2007, and was decided by a panel consisting of Judges McGinley, Friedman, and Flaherty.
[2] This individual study permits practitioners to review informational materials developed by "sponsors" of continuing dental education, and to respond to questions pertaining to the information. Upon completion, the approved "sponsor" certifies that the practitioner has complied with the response requirements.
[3] Because this Court in its appellate review of Dr. Mazin's appeal of the Board's adjudication concluded that the Board had sustained its disciplinary action against Dr. Mazin for failing to complete his educational requirements during the pertinent period, we will only address the claims in the petition for review that assert negligence as to the iterated two unfounded claims noted in this paragraph above.
[4] We note that the Department elected not to file a reply brief responding to Dr. Mazin's arguments.
[5] We note that Dr. Mazin includes an additional request for monetary damages in this count; however, as this request is already encompassed in his request for relief in his negligence action, and this count does not sound in tort, we do not believe that this count raises any jurisdictional concerns as described above.
[6] Dr. Mazin also seeks monetary damages under this Count. For the reasons stated above, we believe the Court may proceed to address these claims and objections.