Borough of Jefferson, Petitioner *v.* Century III Associates et al., Respondents.

Argued May 4, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Lloyd H. Fuge,* for petitioner.

*Donald C. Fetzko,* for respondent, Borough of West Mifflin.

*John J. McLean, Jr., Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for respondent, Century III Associates and The Edward J. DeBartolo Corporation.

*Eric P. Reif, Reed, Smith, Shaw and McClay,* for respondent, U.S.S. Realty Division of United States Steel Corporation.

*Richard S. Ehmann,* Assistant Attorney General, for respondent, Department of Environmental Resources.

*Jeffrey L. Giltenboth,* Special Assistant Attorney General, with him, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent, Pennsylvania Department of Transportation.

96

OPINION BY JUDGE ROGERS, June 18, 1981:

The Borough of Jefferson (Borough) filed a complaint in equity in the Court of Common Pleas of Allegheny County, naming as defendants the Pennsylvania Department of Environmental Resources (DER), the Pennsylvania Department of Transportation (PennDot), the Borough of West Mifflin (West Mifflin) and three private enterprises which we gather from the complaint built a shopping center called Century III Mall in West Mifflin Borough. The gravamen of the single count of the complaint is that, from 1979 until the present, the defendants' negligent and unreasonable actions, (or, in the cases of DER, PennDot and West Mifflin, the defendants' negligent and unreasonable inaction) have caused damage to certain roadways, sewers and other facilities due to increased water runoff from the shopping center. The plaintiff asks for injunctive relief and money damages.

DER, PennDot and West Mifflin each filed preliminary objections. The DER's and PennDot's objections included, *inter alia,* a challenge to the trial court's jurisdiction based upon Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1), which vests original jurisdiction of civil actions against the Commonwealth government in the Commonwealth Court. The trial court considered only the preliminary objections of DER and PennDot based on jurisdiction and properly transferred this matter to our Court. Thus, we now have before us the remaining preliminary objections of DER, PennDot and West Mifflin.

DER and PennDot contend that the Borough's claims against them are barred by the doctrine of sovereign immunity and that they must fall before its demurrer. We agree.

The complaint alleges that DER and PennDot, as the Defendants with regulatory authority over the [Mall] property have negligently done

the following unreasonable acts with reference to the property and its use by the Defendants in possession or control:

 a. failed to require appropriate permits for the safe controlled discharge of surface water;

 b. failed to make adequate studies for the safe controlled discharge of surface waters;

 c. failed to inspect the construction and use of the property for the safe controlled discharge of surface waters;

 d. failed to consider the impact on the safety of persons and property downstream from the unsafe, uncontrolled discharge of surface waters described in the preceding paragraph.

The plaintiff's prayer for relief does not specify what particular relief is sought to be obtained from which of the several defendants. However, insofar as DER and PennDot are concerned, it may be reasonably inferred that the Borough is seeking money damages for injury to Borough facilities and the issuance of an order "restraining Defendants . . . from continuing their negligent and unreasonable acts which result in the concentrated collection, accumulation and discharge of surface water" and directing "the immediate preparation of plans to provide alternative and safe disposal of surface waters [and] the construction and installation of facilities which will effect the necessary protection of persons and property downstream from the property."

In *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), the Pennsylvania Supreme Court abrogated the doctrine of sovereign immunity. The General Assembly then enacted the Act of September 28, 1978, 42 Pa. C. S. §5110, commonly called Act 152, which reinstated the defense in all actions against the Commonwealth except for eight classes of actions for money damages specifically enu-

merated in Section 5110(a)(1)-(8) of Act 152, 42 Pa. C. S. §5110(a)(1)-(8). Thus, for cases such as the instant matter, where the cause of action arose on or after September 28, 1978, the effective date of Act 152, the defense of sovereign immunity is available to the Commonwealth. *Gibson v. Commonwealth,* 490 Pa. 156, 415 A.2d 80. (1980).

It is clear that the Borough's claim for money damages from DER and PennDot is banned because it is not within any of the eight categories listed in Act 152 in which sovereign immunity has been waived.[1]

Sovereign immunity also bars the Borough's prayer for injunctive relief against DER and Penn-Dot. By familiar principles, the doctrine does not bar suits which seek to restrain state officials from performing affirmative acts, but it does bar suits against the Commonwealth which "seek to compel affirmative action on the part of state officials." *Philadelphia Life Insurance Co. v. Commonwealth,* 410 Pa. 571, 576, 190 A.2d 111, 114 (1963). *See, e.g., Nagle v. Pennsylvania Insurance Department,* 46 Pa. Commonwealth Ct. 621, 638, 406 A.2d 1229, 1238 (1979); *PennDot v. Lishon,* 46 Pa. Commonwealth Ct. 90, 94-5, 405 A.2d 1128, 1130 (1979). Although the Borough's prayer for relief is couched in language expressing a desire to restrain DER and PennDot "from continuing in their negligent and unreasonable acts," the acts complained of are failure to require permits, failure to make

--------

[1] The Borough contends that its claim for damages against PennDot falls within the waiver of soverign immunity contained in Section 5110(a)(5) of the Judicial Code, 42 Pa. C. S. §5110(a)(5). The waiver of soverign immunity in this Section is limited, however, to "damages, *other than property damages,* caused by a dangerous condition of highways under the jurisdiction of Commonwealth agencies created by *potholes or sinkholes or other similar conditions created by natural elements.*" (Emphasis added.) The complaint seeks only property damages.

studies, failure to inspect property, and failure to consider the safety of persons and property. Thus, the Complaint, read fairly and as a whole, seeks orders compelling affirmative action from DER and Penn-Dot, and falls within the rule of immunity.[2]

Our holding requires us to dismiss the complaint (or petition for review in the nature of a complaint in equity as it is called in this Court). This action in turn ends this court's jurisdiction of the matter in its present posture. Accordingly, we therefore transfer it to the Court of Common Pleas of Allegheny County for all further proceedings, including the matter of the preliminary objections of West Mifflin.

The preliminary objections of DER and PennDot based upon sovereign immunity are sustained; the petition for review is dismissed as to those defendants; and the record is transferred to the Court of Common Pleas of Allegheny County for further proceedings.

---

[2] The Borough contends in its brief that the action against DER and PennDot was brought under the authority of Section 19 of the Dam Safety and Encroachments Act, Act of November 26, 1978, P.L. 1375, as amended, 32 P.S. §693.19, which allows suits for the restraint of conduct made unlawful by that Act. This appears to be an afterthought. Not only is the action not brought in the name of the Commonwealth upon relation of the Borough's solicitor as Section 19 requires, there is no reference in the complaint to the Dam Safety and Encroachments Act and no description of any activities of DER or PennDot which, except for the wildest reference, would suggest that they had committed offenses under the Act.

The Borough also says that its suit is an attempt to compel DER to exercise its power to grant or withhold permits for water obstructions under the Dam Safety and Encroachments Act and to compel PennDot to exercise its powers under the State Highway Law, Act of June 1, 1945, P.L. 1242, as amended, 36 P.S. §§670-418 through 670-421, to prevent water damage to highways. It is true that the doctrine of soverign immunity is no bar to actions in the nature of mandamus to require public officials to perform ministerial duties; but this obviously is not such a suit.

ORDER

AND Now, this 18th day of June, 1981, the preliminary objections of the Department of Environmental Resources and the Department of Transportation raising the defense of sovereign immunity are sustained and the petition for review is dismissed as to those respondents.

It is ordered that these proceedings are hereby transferred to the Court of Common Pleas of Allegheny County for further proceedings.