**Joseph BUONCUORE, Sr., Petitioner,**

v.

**PENNSYLVANIA GAME COMMISSION, Vernon R. Ross, Executive Director P.G.C., William R. Pouss, Chief Counsel P.G.C., Thomas R. Littwin, Hearing Officer P.G.C., Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 14, 2003.

Decided Aug. 20, 2003.

Joseph Buoncuore, Sr., petitioner, pro se.

Patrick J. McMonagle, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Before our Court in its original jurisdiction are preliminary objections filed by the Pennsylvania Game Commission (Commission), the Commission's Executive Director, Vernon Ross (Ross), the Commission's Chief Counsel, William Pouss (Pouss), and the Commission's Hearing Officer, Thomas Littwin (Littwin) (Collectively, Respondents) in response to a petition for review in the nature of a complaint in mandamus filed against them by Joseph Buoncuore, Sr. (Petitioner).

On May 6, 2002, Petitioner filed a motion with the Delaware County Court of Common Pleas (trial court) requesting a verbatim copy of a transcript for a hearing in which he testified on November 15, 2000. Petitioner had previously requested and paid for a transcript of said hearing but the transcript he received was not verbatim. The trial court ordered the Commission to show cause why petitioner's request for a complete transcript had not

been provided and set a hearing date. The Commission filed preliminary objections which the trial court sustained.

Petitioner then filed a petition for review in the nature of a complaint in mandamus with this Court, adding the individual respondents by sending a copy of the complaint via certified mail to the Commission's office in Harrisburg. Petitioner again contends that he paid for a verbatim transcript but was given a transcript that was missing a portion of testimony. Petitioner stated that he contacted Pouss and Littwin at the Commission and that they acknowledged the transcript was not verbatim but failed to provide him with a verbatim transcript.

Respondents' preliminary objections state that Petitioner's complaint was not served on any respondent by a sheriff of Dauphin County or by any other sheriff, as authorized by either Pa.R.C.P. No. 400(a) or 400(d) or any other Rule; that Petitioner does not allege that the portion of the Commission hearing which is allegedly missing from the transcript, had any adverse effect on the outcome of the proceedings against his son; and that the allegations made by Petitioner against respondents do not fall within any of the nine enumerated exceptions to sovereign immunity and are therefore barred by the Eleventh Amendment and sovereign immunity.

■ This Court, in ruling on preliminary objections, has consistently held that we must accept as true all well pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Envirotest Partners v. Department of Transportation,* 664 A.2d 208 (Pa.Cmwlth.1995). This court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* Our standard of review is now

whether the law under consideration is clear and free from doubt. *AFL–CIO v. Commonwealth*, 563 Pa. 108, 757 A.2d 917 (2000).

■ In the Commonwealth Court's original jurisdiction Pa.R.C.P. No. 400 does not apply. The Pennsylvania Rules of Appellate Procedure regarding the filing and service of a petition for review state in pertinent part as follows:

> Rule 1514. Filing and Service of the Petition for Review (c) Service. A copy of the petition for review shall be served by the petitioner in person or by certified mail on the government unit which made the determination sought to be reviewed. In matters involving the Commonwealth the petitioner shall similarly serve a copy upon the Attorney General of Pennsylvania. When the government unit is comprised of a plurality of persons, each of whom is to be joined individually, or where there is otherwise a plurality of persons named as respondents, the petitioner shall separately serve each such person....

Pa.R.A.P. 1514. The Rules of Appellate Procedure permit service in person or by certified mail. Therefore, Petitioner's service of Respondents was proper.

■ Next, Respondents contend that Petitioner does not allege that the portion of the Commission hearing which is allegedly missing from the transcript had any adverse effect on the outcome of the proceedings against his son.

Assuming everything in the complaint as true, Petitioner did not receive the verbatim report of the hearing that he had requested and paid for. Section 35.131 of Title 1 of the Pennsylvania Code (Code) provides that: "Hearings shall be stenographically reported by the official reporter of the agency, and a transcript of the report shall be a part of the record and the

sole official transcript of the proceeding. The transcripts shall include a verbatim report of the hearings and nothing shall be omitted therefrom except as is directed on the record by the agency head or the presiding officer...." Section 35.133(b) of the Code states that "A person compelled to furnish data or to give evidence in an investigation shall be entitled to retain or, upon payment of the lawfully prescribed fees therefore to the official reporter or to the office of the agency, to obtain a copy of the official transcript thereof...."

In the present controversy, Petitioner is not required to show that he suffered any injury as a result of statements made in the transcript. Petitioner is not requesting damages. He is merely asking Respondents to perform a ministerial act and provide him with a verbatim transcript, as they are required to do under the Code.

■ Finally, Respondents contend that the allegations made by Petitioner against Respondents do not fall within any of the nine enumerated exceptions to sovereign immunity and are therefore barred by the Eleventh Amendment and sovereign immunity.

Petitioner is seeking compliance with the Code and not money damages. In *Borough of Jefferson v. Century III Associates*, 60 Pa.Cmwlth. 94, 430 A.2d 1040 (1981), vacated, 498 Pa. 57, 444 A.2d 665 (1982), our Supreme Court stated that actions in mandamus are not subject to immunity. Although certain provisions of the act may impose "monetary and other penalties [and] may not be enforced against a state agency, this Court rejects the notion that compliance with a clearly stated statutory duty constitutes a 'penalty' rather than a ministerial act." *Kee v. Pennsylvania Turnpike Commission*, 685 A.2d 1054, 1059 (Pa.Cmwlth.1996).

The Respondents' objections are overruled.

## ORDER

AND NOW, this 20th day of August, 2003, the Respondents' preliminary objections in the above-captioned matter are overruled. The Respondents are required to file an Answer to the Petition for Review within 30 days.