IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mr. Irving Jefferson, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 645 M.D. 2018 |
| | : | Submitted: April 5, 2019 |
| Secretary John Wetzel; | : | |
| Department of Corrections, | : | |
| Respondent | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: August 22, 2019

Irving Jefferson is an inmate at the State Correctional Institution at Phoenix (SCI-Phoenix) and has filed a petition for review seeking to enjoin the Department of Corrections (Department) from moving him into a double-occupancy prison cell. Secretary of Corrections John Wetzel has filed a preliminary objection in the nature of a demurrer. Concluding that Jefferson's petition for review does not state a clear right to relief, we sustain the demurrer and dismiss Jefferson's petition.

Jefferson challenges the Department's decision to place him into a double-occupancy cell. Jefferson's petition avers that, in 1970, he was convicted of first degree murder and sentenced to "undergo imprisonment by separate and solitary confinement" for his lifetime. Petition at 1, 6. It also avers that, at the time of his conviction, "double cells [were] both judicially and administratively prohibited[.]" *Id.* at 3 (emphasis omitted). For more than 50 years, Jefferson has lived in a single cell. Upon his recent transfer to SCI-Phoenix, Jefferson was placed in a double-occupancy cell with another inmate.

Jefferson argues that his placement in a double-occupancy cell violates the *ex post facto* clause[1] of the United States Constitution because at the time of his commitment, the law required that he be confined in a solitary prison cell. In addition, Jefferson alleges that Secretary Wetzel has acted with deliberate indifference to the abuses he suffered as an adolescent from older inmates and, thus, violated the Eighth Amendment to the United States Constitution.[2] Jefferson seeks to enjoin his placement into a double-occupancy cell.

In response to Jefferson's petition for review, Secretary Wetzel has filed a demurrer asserting that Jefferson failed to state a claim upon which relief can be granted. Secretary Wetzel contends that Jefferson does not have a legal right to be housed in a single-occupancy cell.[3]

In ruling on preliminary objections, this Court "must accept as true all well pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom." *Buoncuore v. Pennsylvania Game Commission*,

---

[1] Both the United States and Pennsylvania Constitutions prohibit *ex post facto* laws. A law violates the *ex post facto* clause if it "changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed." *Coppolino v. Noonan*, 102 A.3d 1254, 1263 (Pa. Cmwlth. 2014) (quotation omitted). The *ex post facto* clause pertains to penal statutes. *Silo v. Ridge*, 728 A.2d 394, 400 (Pa. Cmwlth. 1999).

[2] U.S. CONST. amend. VIII. The Eighth Amendment to the United States Constitution prohibits the government from inflicting cruel and unusual punishments. To state a claim under the Eighth Amendment based on prison conditions, an inmate must demonstrate that the deprivation he alleges is "sufficiently serious" and that the correctional institution has deprived him of a "minimal civilized measure of life's necessities." *Thomas v. Corbett*, 90 A.3d 789, 797 (Pa. Cmwlth. 2014) (quotation omitted). Additionally, an inmate must demonstrate that his prison conditions pose a substantial risk of harm and that the prison officials did so with a sufficiently culpable state of mind and with deliberate indifference to the inmate's health or safety. *Id.* (quotation omitted).

[3] In April 2019, Jefferson filed an application to amend the petition to remove the Eighth Amendment and deliberate indifference claims. Jefferson states that his only issue is that Secretary Wetzel failed to comply with the law and the order committing him to the custody of the Department, both of which required that he "undergo a separate and solitary confinement." Application to Amend at 2.

830 A.2d 660, 661 (Pa. Cmwlth. 2003). We are not required to accept as true "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* For this Court to sustain preliminary objections, "it must appear with certainty that the law will permit no recovery[.]" *McCord v. Pennsylvania Gaming Control Board*, 9 A.3d 1216, 1219 (Pa. Cmwlth. 2010). If there is any doubt, this Court should overrule the preliminary objections. *Id.*

A party seeking injunctive relief "must establish that his right to relief is clear, that an injunction is necessary to avoid an injury that cannot be compensated by damages, and that greater injury will result from refusing rather than granting the relief requested." *Buehl v. Beard*, 54 A.3d 412, 419 (Pa. Cmwlth. 2012). A court will not grant relief if an adequate remedy exists at law. *Id.* at 419-20. Additionally, injunctive relief is not available to eliminate a remote possibility of future injury. *Id.* at 420.

Jefferson's petition asserts a legal right to a single-occupancy cell. He directs this Court to the law at the time of his arrest and commitment to a state prison. At the time Jefferson's offense occurred, the applicable statute provided, in pertinent part, as follows:

> Section 701. Murder of the First and Second Degree.
>
> -All murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration of, or attempting to perpetrate any arson, rape, robbery, burglary, or kidnapping, shall be murder in the first degree. All other kinds of murder shall be murder in the second degree....
>
> *Whoever is convicted of the crime of murder of the first degree is guilty of a felony and shall be sentenced to suffer death in the manner provided by law, or to undergo imprisonment for life, at*

3

> *the discretion of the jury trying the case, which shall, in the manner hereinafter provided, fix the penalty....*
>
> Whoever is convicted of the crime of murder of the second degree is guilty of a felony, and shall, for the first offense, be sentenced to undergo imprisonment by separate or solitary confinement not exceeding twenty (20) years, or fined not exceeding ten thousand dollars, or both, and for the second offense, shall undergo imprisonment for the period of his natural life.

Act of June 24, 1939, P.L. 872, *as amended*, *formerly* 18 P.S. §4701, repealed by the Act of December 6, 1972, P.L. 1482 (emphasis added); *see also Commonwealth v. Browdie*, 671 A.2d 668, 671 n.2 (Pa. 1996). In short, under Section 701, a person convicted of murder in the first degree and sentenced to incarceration was to "undergo imprisonment for life." *Formerly* 18 P.S. §4701. Contrary to Jefferson's contention, Section 701 did not mandate that persons convicted of first-degree murder must serve their sentence in solitary confinement.

> Jefferson's order of commitment stated, in relevant part, as follows:
>
> [Richard Tyson Jefferson] after being found guilty, was on the 28th day of Feb[ruary], 1970, sentenced by the above Judge to *undergo imprisonment by separate and solitary confinement* at labor in a State Correctional Institution for a term of not less than ____ year(s) nor more than life years for the crime of Murder (first degree[).]

Petition at 6 (emphasis added). A commitment order is not a sentencing order signed by a judge. *Jones v. Department of Corrections*, 683 A.2d 340, 342 n.2 (Pa. Cmwlth. 1996). Rather, it is an administrative form, completed by the clerk of courts; therefore, it does not have the same force and effect as a court order. *See Everett v. Varner* (Pa. Cmwlth., No. 74 M.D. 2009, filed September 19, 2011) (stating that

4

"administrative memos, such as the DC300B commitment forms, do not have the same force and effect as court orders").

Although Jefferson's commitment order stated that imprisonment was to be by separate and solitary confinement, "judges may not indiscriminately denominate the place a prisoner is housed[.]" *Clark v. Beard*, 918 A.2d 155, 161 (Pa. Cmwlth. 2007). "[S]tatutes and regulations establish the presumptive place of confinement." *Id.* (citing *Commonwealth v. Tuddles*, 782 A.2d 560, 563 (Pa. Super. 2001)). Therefore, the commitment order did not establish Jefferson's "right" to be housed in a single-occupancy cell.

This Court has held that deciding where to house an inmate within a prison "is at the core of [a] prison administrators' expertise." *Lopez v. Department of Corrections*, 119 A.3d 1081, 1085 (Pa. Cmwlth. 2015). Thus, it is left to the Department's discretion. *Clark*, 918 A.2d at 160. Changes to conditions of confinement, such as being moved from a single-occupancy cell to a double-occupancy cell, are "functions of prison management." *Lopez*, 119 A.3d at 1085 (quoting *Dial v. Vaughn*, 733 A.2d 1, 6 (Pa. Cmwlth. 1999)). Although Jefferson was previously housed in a single-occupancy cell, Secretary Wetzel has the discretion to move Jefferson to a double-occupancy cell.

Jefferson's petition has failed to state a claim. The law never required him to serve his sentence by separate or solitary confinement. Prison officials, including Secretary Wetzel, have discretion to determine where an inmate is confined and any changes thereto, and it is a decision beyond judicial review.

Accepting as true the petition's well-pled material allegations and inferences reasonably deduced therefrom, we conclude that the law does not permit

5

injunctive relief.    Accordingly, Secretary Wetzel's preliminary objection is sustained, and Jefferson's petition is dismissed with prejudice.[4]

_____

MARY HANNAH LEAVITT, President Judge

---

[4] With regard to Jefferson's application to amend the petition, for the reasons discussed above, we find that amendment to the petition would be futile and, therefore, deny the application. *See generally Lutz v. Springettsbury Township*, 667 A.2d 251, 254 (Pa. Cmwlth. 1995) (courts will not permit amendment where "the prima facie elements of the claim cannot be established and that the complaint's defects are so substantial that amendment is not likely to cure them").    The Department's regulations state that, "[a]n inmate does not have a right to be housed in a particular facility or in a particular area within a facility." 37 Pa. Code §93.11(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mr. Irving Jefferson,            :
          Petitioner    :
                              :
          v.                :    No. 645 M.D. 2018
                              :
Secretary John Wetzel;        :
Department of Corrections,   :
          Respondent   :

# **O R D E R**

AND NOW, this 22nd day of August, 2019, Secretary of Corrections John Wetzel's preliminary objection to Petitioner Irving Jefferson's petition for review is SUSTAINED, and the petition for review is DISMISSED with prejudice.

Petitioner's Application to Amend the Petition is DENIED.

 

MARY HANNAH LEAVITT, President Judge