# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alfonso Percy Pew, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 581 M.D. 2018 |
| | : | Submitted: August 9, 2019 |
| John E. Wetzel, Secretary of Corrections, | : | |
| Shirley M. Smeal, Executive Deputy | : | |
| Secretary of Corrections, Steven Glunt, | : | |
| Regional Deputy Secretary of Corrections, | : | |
| Marcia Noles, Bureau Health Care Service | : | |
| Department of Corrections, Ulrich Klemm, | : | |
| Bureau Treatment Services Department of | : | |
| Corrections, Tracey Smith, Director Religious | : | |
| Accommodation Committee Department of | : | |
| Corrections, Mahally, Superintendent PA. D.O.C., | : | |
| Demming, Deputy PA. D.O.C., Ronald Ott, | : | |
| Food Service Manager Pennsylvania | : | |
| Department of Corrections, Lt. Filipiak, | : | |
| Pennsylvania Department of Corrections, | : | |
| John Doe, Deputy Pennsylvania Department | : | |
| of Corrections, Sued in individual and official | : | |
| capacities for monetary damages, | : | |
| Respondents | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ROBERT SIMPSON, Judge[1]
          HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT           FILED: November 21, 2019

       Before this Court in our original jurisdiction are the preliminary objections of John E. Wetzel, Secretary of Corrections, to the *pro se* civil rights complaint filed by Alfonso Percy Pew (Inmate). The complaint seeks a declaratory

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

judgment, injunctive relief, and monetary damages for Wetzel's alleged violation of Inmate's constitutional rights. After review, we sustain the preliminary objections and dismiss the complaint.

On August 23, 2018, Inmate filed a complaint in the Court of Common Pleas of Cumberland County (common pleas court) against Wetzel and numerous other employees of the Department of Corrections (Department) in their individual and official capacities (collectively Department Respondents).[2] The complaint averred that while Inmate was incarcerated at the State Correctional Institution at Dallas (SCI-Dallas), he was entitled to a vegan diet for religious reasons. For eight days in October of 2016, however, Inmate was given bologna sandwiches that made him sick. Complaint at 3, ¶3. The complaint also averred that Department Respondents have adopted a policy to feed bologna sandwiches to inmates in medical observation rooms. Inmate was repeatedly denied his vegan diet despite filing grievances. Department Respondents were aware of the situation but made "excuses such as prison lock down." Complaint at 5, ¶6. The complaint further averred that a corrections officer destroyed Inmate's property in retaliation for a complaint he filed under the Prison Rape Elimination Act of 2003.[3] Department Respondents refused to "properly investigate and compensate [Inmate] for [his] personal property loss." Complaint at 9, ¶16.

---

[2] The named respondents are Shirley M. Smeal, Executive Deputy Secretary of Corrections; Steven Glunt, Regional Deputy Secretary of Corrections; Marcia Noles, an official with the Department's Bureau of Health Care Services; Ulrich Klemm, an official with the Department's Bureau of Treatment Services; Tracey Smith, Director of the Department's Religious Accommodation Committee; Superintendent Mahally; Deputy Demming; Ronald Ott, the Department's Food Service Manager; Lieutenant Filipiak and Deputy John Doe.

[3] 34 U.S.C. §§30301-30309.

Based upon the foregoing allegations, Inmate asserted a civil rights action under 42 U.S.C. §1983[4] alleging violations of his rights under numerous provisions of the Pennsylvania and United States Constitutions.[5] Inmate sought a declaratory judgment that his constitutional rights were violated; punitive and compensatory damages from each Department Respondent; and an injunction directing Department Respondents to serve him a vegan diet.

The common pleas court transferred the matter to this Court pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa. C.S. §761(a)(1).[6] By order of

---

[4] 42 U.S.C. §1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

[5] Inmate asserted that Department Respondents violated his rights under the following provisions of the Pennsylvania Constitution: Article I, Section 1 (inherent rights of mankind); Article I, Section 3 (religious freedom); Article I, Section 7 (freedom of press and speech); Article I, Section 8 (security from searches and seizures); and Article I, Section 13 (bails, fines and punishments). PA. CONST. art. I, §§1, 3, 7, 8, 13. Inmate alleged violations of his rights under the First Amendment to the United States Constitution (free exercise of religion) and the Eighth Amendment to the United States Constitution (prohibition of cruel and unusual punishments). U.S. CONST. amends. I, VIII.

[6] Inmate filed a motion with this Court "to fix jurisdiction and commence action," in which he asserted that the common pleas court rather than this Court has original jurisdiction over his claim for monetary damages. Application for Relief (10/19/2018). By order of November 1, 2018, this Court denied Inmate's motion. Section 761(a)(1) of the Judicial Code provides:

> (a)   General rule.–The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> > (1)   *Against the Commonwealth government, including any official thereof, acting in his official capacity, except*:
> >
> > > (i)   actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court;

3

November 28, 2018, this Court dismissed Inmate's complaint against all Department Respondents, except for Secretary Wetzel, because Inmate had failed to serve the complaint as required by Pennsylvania Rule of Appellate Procedure 1514(c), PA. R.A.P. 1514(c). Secretary Wetzel, the only remaining respondent, has filed preliminary objections in the nature of a demurrer seeking to dismiss the complaint in its entirety.

In ruling on preliminary objections, this Court "must accept as true all well pleaded material allegations in the petition for review, as well as all inferences

---

(ii)   eminent domain proceedings;

(iii)   actions or proceedings conducted pursuant to Chapter 85 (relating to matters affecting government units);

(iv)   actions or proceedings conducted pursuant to the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act; and

*(v)   actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity* and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa. C.S. §761(a)(1) (emphasis added). Our Supreme Court has held that this Court lacks original jurisdiction over tort actions for monetary damages that are premised on either common law trespass or a civil action for deprivation of civil rights under 42 U.S.C. §1983, because they are within the exclusion found in Section 761(a)(1)(v). *Balshy v. Rank*, 490 A.2d 415 (Pa. 1985). However, this Court has original jurisdiction over actions for injunctive and declaratory relief because they are not actions "as to which the Commonwealth government formerly enjoyed sovereign or other immunity." 42 Pa. C.S. §761(a)(1)(v); *Fawber v. Cohen*, 532 A.2d 429, 433 (Pa. 1987). Further, to the extent prescribed by general rule, this Court has ancillary jurisdiction over any claim that is related to a claim within its exclusive original jurisdiction. 42 Pa. C.S. §761(c). *See also Diess v. Department of Transportation*, 935 A.2d 895 (Pa. Cmwlth. 2007) (where alleged statutory violations and equity claims outweighed allegations of common law nuisance, Section 761(c) of the Judicial Code vests this Court with ancillary jurisdiction to hear the matter). Thus, even though this Court would not normally have jurisdiction over Inmate's claim for monetary damages, we do in this case because it is ancillary to Inmate's requests for injunctive and declaratory relief.

4

reasonably deduced therefrom." *Buoncuore v. Pennsylvania Game Commission*, 830 A.2d 660, 661 (Pa. Cmwlth. 2003). We are not required to accept as true "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. For this Court to sustain preliminary objections, "it must appear with certainty that the law will permit no recovery[.]" *McCord v. Pennsylvania Gaming Control Board*, 9 A.3d 1216, 1219 (Pa. Cmwlth. 2010). If there is any doubt, this Court should overrule the preliminary objections. *Id*. This Court "may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

Section 1983 provides a remedy for deprivations of federally protected rights committed by persons acting under color of state law. In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights secured by the United States Constitution or the laws of the United States and (2) show that the alleged deprivation was committed by a person acting under the color of state law. *Owens v. Shannon*, 808 A.2d 607, 609 n.6 (Pa. Cmwlth. 2002). Notably, Section 1983 damage actions against state officials in their official capacity are barred because a suit against a state official acting in his or her official capacity constitutes a suit against the state itself, which is not a "person" under Section 1983. *Watkins v. Department of Corrections*, 196 A.3d 272, 275 (Pa. Cmwlth. 2018) (quoting *Will v. Michigan Department of State Police*, 491 U.S. 58, 64-71 (1989)). Nevertheless, a state official acting in his or her official capacity, when sued for injunctive relief, is a "person" under Section 1983 because "official-capacity actions for prospective relief are not treated as an action against the state." *Verrichia v. Department of Revenue*, 639 A.2d 957, 962 n.11 (Pa. Cmwlth. 1994). Further, state officials "may

5

be sued in their individual capacities and found liable for damages for violating protected rights while in the course of their employment." *Schnupp v. Port Authority of Allegheny County*, 710 A.2d 1235, 1238 n.4 (Pa. Cmwlth. 1998). Finally, a claim for monetary damages to remedy a violation of constitutional rights cannot be based on vicarious liability or *respondeat superior*; to state such a cause of action against a government official under Section 1983, the plaintiff must allege that the individual defendant was personally involved in the alleged wrongdoings. *Watkins*, 196 A.3d at 276.

In his complaint, Inmate does not allege any specific wrongdoings perpetrated upon him by Secretary Wetzel. The complaint avers that Wetzel, together with the other Department Respondents, adopted a policy that inmates housed in medical observation rooms would receive bologna sandwiches. It avers that Wetzel was aware of Inmate's diet restrictions but did not take action. The grievance attached to the complaint indicates, however, that Inmate started to receive his vegan diet on October 20, 2016, after the "medical and officer in [the medical observation room]" was informed of the issue. Complaint, Exhibit 1. The complaint does not identify Inmate's religious affiliation nor does it allege that Wetzel was personally involved in denying Inmate a vegan diet. Likewise, the complaint does not allege that Wetzel was personally involved in destroying Inmate's personal property in retaliation for his complaint under the Prison Rape Elimination Act. In short, Inmate's conclusory complaint fails to specify how Wetzel infringed on his free exercise of religion or any other rights secured by the United States and Pennsylvania Constitutions. To the extent Inmate seeks to hold Wetzel vicariously liable for the actions of his subordinates, his claim must be dismissed. *Watkins*, 196 A.3d at 276.

In sum, Inmate has failed to allege any specific acts on the part of Wetzel that, if accepted as true, would establish his liability or entitle Inmate to the relief that he seeks. Because the complaint does not state a legally cognizable cause of action against Wetzel, we sustain Wetzel's preliminary objections in the nature of a demurrer and dismiss Inmate's complaint with prejudice.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alfonso Percy Pew,
                         Petitioner

                     v.                   :    No. 581 M.D. 2018

John E. Wetzel, Secretary of Corrections,
Shirley M. Smeal, Executive Deputy
Secretary of Corrections, Steven Glunt,
Regional Deputy Secretary of Corrections,
Marcia Noles, Bureau Health Care Service
Department of Corrections, Ulrich Klemm,
Bureau Treatment Services Department of
Corrections, Tracey Smith, Director Religious
Accommodation Committee Department of
Corrections, Mahally, Superintendent PA. D.O.C.,
Demming, Deputy PA. D.O.C., Ronald Ott,
Food Service Manager Pennsylvania
Department of Corrections, Lt. Filipiak,
Pennsylvania Department of Corrections,
John Doe, Deputy Pennsylvania Department
of Corrections, Sued in individual and official
capacities for monetary damages,
                       Respondents

# **O R D E R**

AND NOW, this 21st day of November, 2019, the preliminary objections in the nature of a demurrer to the complaint filed by Alfonso Percy Pew are SUSTAINED, and the complaint is DISMISSED with prejudice.

_____
MARY HANNAH LEAVITT, President Judge