IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Kingsley, : 
                Petitioner : 
               : 
     v. :   No. 635 M.D. 2022
               : 
PPL Electric Utilities and :   Submitted: June 4, 2024
Pennsylvania Public Utility : 
Commission, : 
                Respondents : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: July 15, 2024

Before this Court are the preliminary objections in the nature of a demurrer filed by the Pennsylvania Public Utility Commission (Commission) to the petition for review (Petition) filed by Lawrence Kingsley, *pro se*, (Petitioner) in which he sought both appellate review of the Commission's September 15, 2022 order dismissing his complaint against PPL Electric Utilities (PPL) and injunctive relief in our original jurisdiction. For the reasons that follow, we sustain the Commission's preliminary objections contesting the original jurisdiction portion of the Petition and dismiss that aspect of the Petition only.[1]

---

[1] The Commission concedes that this Court may review the Petition in our appellate jurisdiction. (Commission's Br. at 1, 22.)

**Background**

This case involves a longstanding dispute between Petitioner and PPL concerning electric distribution service to his residential property located at 2161 West Ridge Drive in Lancaster, Pennsylvania (Property). On May 11, 2020, Petitioner filed a complaint against PPL with the Commission in which he alleged that PPL violated Section 1501 of the Public Utility Code (Code)[2] by conducting improper management of the vegetation on his Property. Petitioner additionally claimed that PPL engaged in this work on his Property without notice, in violation of a private agreement he had with the company. PPL filed an answer to the complaint, acknowledging that it performs vegetation management on Petitioner's Property, but also averring that it has the right to do so in accordance with its Commission-approved tariff without first obtaining his permission. On December 14, 2020, Petitioner filed an amended complaint alleging that PPL improperly billed his account, which PPL denied in its answer filed January 4, 2021.

The Administrative Law Judge (ALJ) held two evidentiary hearings on the matter in June of 2021 and March of 2022. The ALJ issued an Initial Decision on June 15, 2022 dismissing Petitioner's amended complaint (Initial Decision). In doing so, the ALJ concluded that Petitioner failed to establish any mismanagement of the vegetation on his Property by PPL and that there is no notification requirement for this

---

[2] Section 1501 of the Code provides in relevant part as follows:

> Every public utility shall furnish and maintain adequate, efficient, safe, and reasonable service and facilities, and shall make all such repairs, changes, alterations, substitutions, extensions, and improvements in or to such service and facilities as shall be necessary or proper for the accommodation, convenience, and safety of its patrons, employees, and the public…

66 Pa.C.S. § 1501.

maintenance in PPL's Commission-approved tariff.[3] The ALJ noted that the photographs Petitioner submitted as evidence of PPL's alleged "butchering" of his vegetation show only branches laying on the ground and natural ground-fall. (Initial Decision, at 16.) The ALJ also found Petitioner's claim of improper billing and request for a refund in the amount of $1,986 plus a security deposit were without basis.

Petitioner filed exceptions to the Initial Decision, which the Commission denied by order entered September 15, 2022. The Commission affirmed and dismissed Petitioner's amended complaint. Petitioner filed a petition for reconsideration on October 5, 2022, which the Commission found to be untimely. The Commission issued a notice informing Petitioner of this defect and of his right to file an appeal from its September 15, 2022 order within 30 days of the date of entry, or by October 17, 2022.

Petitioner filed the Petition with this Court on October 27, 2022,[4] in which he requested reversal of the Commission's September 15, 2022 order because PPL engaged in unsafe and unreasonable vegetation management on his Property and in billing irregularities with respect to his account. (Petition, at 2, 4.) Petitioner additionally requested "injunctive relief against PPL for its constitutional violations," *de novo* review of his complaint, and ancillary relief for "privacy concerns" and for the Commission's failure to enforce its own regulations. *Id.* at 4.

---

[3] The Code "requires every public utility to file with the Commission tariffs showing all schedules of rates within the jurisdiction of the Commission. 66 Pa.C.S. § 1302." *Pennsylvania Electric Company v. Pennsylvania Public Utility Commission*, 663 A.2d 281, 284 (Pa. Cmwlth. 1995). "A tariff can include all schedules of rates and all rules, regulations, practices, or contracts involving any rate or rates." *Id.* "Tariffs have the force of law and are binding on both the utility and the customer." *Id.*

[4] The parties filed respective motions concerning the timeliness of this appeal, with the Commission filing a motion to quash it as untimely. On June 8, 2023, we issued an order denying the motion to quash and directing the prothonotary to preserve October 11, 2022, as the filing date of the appeal, as Petitioner had filed an email on that date indicating his intent to appeal. (*See* Order, 6/8/23, at 3-4.)

3

On May 24, 2023, this Court issued a dual jurisdiction notice, as the Petition implicated both our original and appellate jurisdiction. The Commission filed preliminary objections (POs) to the Petition on June 12, 2023, requesting that we dismiss the Petition to the extent it constitutes an original jurisdiction complaint. On July 6, 2023, this Court entered a *per curiam* Order noting that the POs relate only to the original jurisdiction component of the Petition and directing the parties to brief the issue.

### Analysis[5]

The Commission requests that this Court sustain the POs and dismiss the Petition to the extent that it is addressed to our original jurisdiction and seeks equitable/injunctive relief. The Commission maintains that, when Petitioner's arguments are considered in context, they at their core fall within this Court's appellate jurisdiction and this case should proceed accordingly. (Commission's Br. at 13-21, 25.)

For his part, Petitioner essentially concedes that this case need not be considered in our original jurisdiction, in that he states: "In practicality it matters little how this Honorable Court chooses to exercise its jurisdiction—relief can be granted in any form that the court deems fair . . . [and can] easily decide which of the court's vast resources is appropriate for the case's adjudication." (Petitioner's Br. at 1, 20.)

---

[5] "When considering preliminary objections, we accept as true all well-pleaded material facts in the petition for review and all reasonable inferences deducible from those facts." *Kaba v. Berrier*, 275 A.3d 85, 88 (Pa. Cmwlth. 2022). "We will sustain a preliminary objection only when it is clear and free from doubt that the facts as pleaded are legally insufficient to establish a right to relief." *Id.*

## PO for Raising Insufficient Specificity in a Pleading

The Commission first contends that the Petition fails to conform to Pennsylvania Rule of Civil Procedure (Pa.R.Civ.P.) 1019(a) in that the material facts of the cause of action are not stated, rendering it subject to preliminary objection pursuant to Rule 1028(a)(2).[6] In particular, the Commission maintains that because Petitioner makes only vague and incomplete references to the proceedings below and offers no factual support for his request for relief relative to our original jurisdiction, this matter must proceed in our appellate jurisdiction only. (Commission's Br. at 13-14, 25.)[7]

We begin by reiterating that in ruling on preliminary objections, this Court must accept as true all **well-pleaded** material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Buoncuore v. Pennsylvania Game Commission*, 830 A.2d 660, 661 (Pa. Cmwlth. 2003). However, we "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* We are also mindful that jurisdictional determinations must be based upon the substance, rather than the styling of the complaint. *Brimmeier v. Pennsylvania Turnpike Commission*, 147 A.3d 954, 966 (Pa. Cmwlth. 2016).

---

[6] Rule 1019 requires that "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.Civ.P. 1019(a). Rule 1028 provides for dismissal on this basis and states in relevant part: "Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter." Pa.R.Civ.P. 1028(a)(2).

[7] With respect to Petitioner's *pro se* status, we note that although pleadings filed by unrepresented litigants must be construed liberally, a party "is not to be given any particular advantage because of his lack of knowledge of the law." *Young v. Estate of Young*, 138 A.3d 78, 87 (Pa. Cmwlth. 2016).

With respect to the requirements for the content of a petition for review, "Pennsylvania is a fact-pleading state." *Id.* at 967. To that end, as noted, Rule 1019(a) specifies that "the material facts on which a cause of action . . . is based shall be stated in a concise and summary form." Pa.R.Civ.P. 1019(a). The Pennsylvania Supreme Court has explained that although the rules of civil procedure are to be liberally construed, the petition for review "must nonetheless apprise the defendant of the claim being asserted and summarize the essential supporting facts." *Bricklayers of Western Pennsylvania Combined Funds, Inc. v. Scott's Development Co.*, 90 A.3d 682, 694 (Pa. 2014). A party's use of boilerplate allegations defeats the primary purpose of pleading under our rules of procedure and "a failure to adequately plead a claim can and **typically does result in the dismissal of the claim and/or cause of action**." *Brimmeier*, 147 A.3d at 967 (emphasis added). Accordingly, lack of compliance with Rule 1019(a) subjects the pleading to dismissal by preliminary objection pursuant to Rule 1028(a)(2) where a party fails to conform to a rule of court. Pa.R.Civ.P. 1028(a)(2).

Here, Petitioner's claims implicating our original jurisdiction are difficult to parse, as he makes vague refences to "privacy concerns" and constitutional violations purportedly warranting injunctive relief. Specifically, he alleges: "The petitioner seeks reversal of PUC's Order of Sept. [1]5, 2022, injunctive relief against PPL for its constitutional violations, or otherwise an order for a *de novo* review of the PUC complaint in question. The petitioner also seeks ancillary relief for (A) privacy concerns and (B) PUC's failure to enforce its own regulations." (Petition, at 4.)

The Petition does not set forth the factual basis for these claims and raises only bare, boilerplate allegations asserting entitlement to such relief. In light of Petitioner's failure to define the factual basis of a cause of action under this Court's

6

original jurisdiction, coupled with his recognition that this case need not proceed in such manner if we deem it inappropriate, we sustain the Commission's PO for failure of a pleading to conform to a rule of court. Accordingly, we dismiss the Petition to the extent that it is addressed to our original jurisdiction and direct the parties to, within 30 days, brief the issues raised in the Petition that are within our appellate jurisdiction concerning the Commission's September 15, 2022 order.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Kingsley,
                Petitioner

      v.

PPL Electric Utilities and
Pennsylvania Public Utility
Commission,
                Respondents

     :
     :
     :
     :
     :   No. 635 M.D. 2022
     :
     :
     :
     :
     :
     :

## *ORDER*

AND NOW, this 15th day of July, 2024, the Pennsylvania Public Utility Commission's preliminary objections to this Court's original jurisdiction are SUSTAINED. Accordingly, the portion of the petition for review requesting equitable/injunctive relief filed by Lawrence Kingsley is DISMISSED WITH PREJUDICE. The parties are hereby directed to file briefs and a reproduced record addressing the issues raised in the petition for review that are within our appellate jurisdiction concerning the Pennsylvania Public Utility Commission's September 15, 2022 order within 30 days.

_____
PATRICIA A. McCULLOUGH, Judge