IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Talbert,                                  :
                  Petitioner       :
                                      :
       v.                                        :  No. 458 M.D. 2023
                                        :
Commonwealth of Pennsylvania,     :  Submitted: November 7, 2024
Pennsylvania Commission on             :
Sentencing,                                        :
                 Respondents      :

*OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                                    FILED: January 10, 2025

          Charles Talbert,[1] *pro se*, has filed an amended Petition for Review (Petition) in this Court's original jurisdiction against the Commonwealth of Pennsylvania[2] (Commonwealth) and the Pennsylvania Commission (Commission) on Sentencing. The Commission has filed preliminary objections, and Talbert has filed an application for summary relief. After careful review, we sustain the Commission's

---

[1] Courts have labeled Talbert a serial litigant. *Talbert v. City of Philadelphia*, No. 21-4303, 2021 WL 4552390 (E.D. Pa., filed Oct. 5, 2021); accord *Talbert v. Carney*, No. 18-1620, 2018 WL 4839038 (E.D. Pa., filed Oct. 3, 2018); *Talbert v. Carney*, No. 18-1620, 2018 WL 3520676, *1 (E.D. Pa., filed July 20, 2018) (noting filing of "almost three dozen lawsuits over the past couple of years"). *See also Talbert v. Little*, 293 A.3d 1242 (Pa. Cmwlth. 2023).

[2] Talbert did not serve the Petition on the Commonwealth. *See* August 2, 2024 order denying Talbert's Motion for Default Judgment. Therefore, the Commonwealth is not participating. We note that, other than naming the Commonwealth in the caption, Talbert does not set forth the specific factual and legal bases for his claims against the Commonwealth.

preliminary objections, dismiss the Petition and dismiss Talbert's application for summary relief as moot.

## I. Background

Talbert, who is incarcerated at the State Correctional Institution at Fayette, initiated this action on October 16, 2023, with the filing of a complaint that was later amended and refiled as the operative Petition.

The Petition contains two counts. Count I is a claim for "Conspiracy to Violate the State Constitution." Count II is a claim for "Fraud in Equity." Under a heading labeled "Statement of Facts," Talbert avers that the Commonwealth and Commission "have established and maintained a widespread practice of transgressing their constitutional power, by and through [their] criminal processes and laws that inflict cruel and unusual punishments against the citizens of Pennsylvania." (Petition, ¶ 21.) He further alleges that the Commonwealth and Commission have

> exceeded [their] constitutional police power by adopting, promulgating, implementing and enforcing state laws on sentencing which impose excessive years of total confinement as punishment, which is unnecessarily disproportionate to the offense, disproportionate in use upon people of color, too severe compared to the general ideas of dignity decency, and civilized standards, encourages hatred towards society and intended to degrade and dehumanize the citizens of Pennsylvania.

(Petition, ¶ 22.)

He alleges that "[t]he Commission's rules on sentencing promote equitable fraud by "deceiving the public" into believing that "excessive years in prison" as a sentence "protects the public," "deters wrongful behavior," and "helps rehabilitative offenders." Talbert claims as a result of these alleged acts, he has been subjected to cruel and unusual punishment. (Petition, ¶¶ 25-26.)

2

As relief, Talbert demands damages and an injunction directing the Commonwealth and Commission "to reform [their] rules and statutes that establish[] [the] sentencing guidelines and how prisoners receive programming and rehabilitative services." (Petition, ¶¶ 28-29.)

On October 26, 2023, Talbert filed an application for summary relief, asserting that he is entitled to judgment in his favor as a matter of law.

On February 20, 2024, the Commission filed preliminary objections to the Petition on the grounds that Talbert has failed to state a claim upon which relief can be granted and the Commission is immune from suit under the doctrines of sovereign and legislative immunity.

## II.    Discussion

We begin by reiterating that in ruling on preliminary objections in the nature of a demurrer, this Court must accept as true all well-pleaded material allegations in the Petition, as well as all inferences reasonably deduced therefrom. *Buoncuore v. Pennsylvania Game Commission*, 830 A.2d 660, 661 (Pa. Cmwlth. 2003). However, we "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Savage v. Storm*, 257 A.3d 187, 191 (Pa. Cmwlth. 2021).

### A. Mandamus

The Commission was created in 1978 by the General Assembly, in part for the purpose of promulgating guidelines to be considered by courts in imposing sentences. *Commonwealth v. Sessoms*, 532 A.2d 775, 776 (Pa. 1987) (recognizing that the Commission is a "legislative agency"); 42 Pa. C.S. § 2151.2 ("[C]ommission is

3

continued as an agency of the General Assembly"). It is a "legislative agency" of the General Assembly and consists of 11 members – four from the legislature, four from the judiciary and three appointed by the Governor. 42 Pa. C.S. § 2152. The Commission is empowered, *inter alia*, to collect and disseminate information regarding the sentencing process, sentences actually imposed and the effectiveness of sentences imposed; to make recommendations to the legislature concerning modification or enactment of sentencing and correctional statutes; to enter into cooperative arrangements with other governmental agencies; to conduct research, receive testimony and publish data on the sentencing process; and to serve as a clearing house, information center and consultant regarding sentencing practices. 42 Pa. C.S. § 2153. Pursuant to rules and regulations, the Commission has the power to, *inter alia*, adopt guidelines for sentencing within the limits established by law. 42 Pa. C.S. § 2154.

In this case, Talbert is asking the Court to compel the Commission to reform the manner in which it adopts sentencing guidelines because he believes that the sentencing guidelines, in general, inflict cruel and unusual punishments against the citizens of Pennsylvania. The factual averments in Talbert's Petition are not legally sufficient to state a cause of action for mandamus.

A writ of mandamus is an extraordinary remedy which compels the performance of a ministerial act or mandatory duty. *Pennsylvania Dental Association v. Insurance Department*, 516 A.2d 647 (Pa. 1986). A ministerial act is "one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority." *Rose Tree Media School District v. Department of Public Instruction*, 244 A.2d 754, 755 (Pa. 1968). A writ of mandamus may be issued only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate

remedy. *Pennsylvania State Association of County Commissioners v. Commonwealth*, 681 A.2d 699 (Pa. 1996).

The adoption of sentencing guidelines is discretionary and not a ministerial act. In making sentencing guideline recommendations to the General Assembly, the members of the Commission engage in an extensive process that includes compiling statistics, meetings with stakeholders, public advertisement, public hearings and revisions. *See* 42 Pa. C.S. § 2153. The performance of these tasks and the ultimate guidelines submitted to the General Assembly require the exercise of discretion, the exercise of which defeats Talbert's entitlement to mandamus relief.

Talbert also fails to identify any mandatory legal duty on the part of the Commission that it failed to perform. He cites no specific action or inaction by the Commission beyond expressions of opinion and unwarranted inferences. His vague and sweeping allegations, as quoted above, contain no real factual averments and do not satisfy his burden of demonstrating that his right to relief is clear and specific. *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation and Natural Resources*, 909 A.2d 413, 418 (Pa. Cmwlth. 2006). Talbert cannot seek an order directing the Commission to change the way it engages in its legislative function just for the sake of vindicating his view of the law.

Accordingly, Talbert is not entitled to relief in mandamus.

**B. Immunity**

We also agree with the Commission that it is immune from suit in this case. The Commission body acts legislatively or quasi-legislative when adopting sentencing guidelines or other guidelines as mandated by the General Assembly. As a legislative agency, the Commission is entitled to legislative immunity for activities within the sphere of legitimate legislative activity. *League of Women Voters of*

*Pennsylvania v. Commonwealth*, 177 A.3d 1000 (Pa. Cmwlth. 2017). Where it is clear from the face of the complaint that a suit is barred by the defense of immunity, the case may be dismissed on preliminary objections. *Logan v. Little*, 728 A.2d 995 (Pa. Cmwlth. 1999).

In his Petition, Talbert asks this Court to order the Commission to "reform" the way in which it adopts the sentencing guidelines. He asserts generally through conclusory statements that lengthy sentences are ineffective and violate the constitutional rights of the incarcerated.

It is undisputed that in carrying out its statutory duties set forth in Sections 2153 and 2154 of the Judicial Code,[3] the Commission is acting pursuant to the legislative powers delegated to it by the General Assembly. The doctrine of legislative immunity precludes this Court's judicial inquiry into the quasi-legislative process of the Commission. Accordingly, this Court lacks the authority to interfere with the Commission's legitimate legislative activities by compelling it to carry out its responsibilities in a manner suggested by Talbert.

**C. PCRA**

To the extent Talbert claims his own sentence is unconstitutional because it is cruel and unusual, this is a collateral attack on his sentence. Because he is, in effect, seeking to change his sentence, his remedy lies exclusively in the sentencing court under the Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546; *Scott v. Pennsylvania Board of Probation and Parole*, 284 A.3d 178 (Pa. 2022). Moreover, the Commission does not possess the authority under its enabling acts to calculate, recalculate, or otherwise interpret individual sentencing orders or change such orders in any particular case.

---

[3] 42 Pa. C.S. §§ 2153, 2154.

### III.   Conclusion

Accordingly, based on the foregoing reasoning, Talbert's application for summary relief is denied and the Commissions' preliminary objections are sustained. Talbert will not be given leave to amend because amendment would be futile. In the event Talbert seeks to challenge the constitutionality of the sentencing guidelines that govern his criminal conduct, he should do so in his criminal case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Talbert,                               :
                    Petitioner                 :
                                               :
          v.                                   :   No. 458 M.D. 2023
                                               :
Commonwealth of Pennsylvania,                  :
Pennsylvania Commission on                     :
Sentencing,                                    :
                    Respondents                :

***PER CURIAM***

***ORDER***

AND NOW, this 10th day of January, 2025, we SUSTAIN the preliminary objections filed by the Pennsylvania Commission on Sentencing, DISMISS the Petition for Review filed by Charles Talbert (Talbert), and dismiss Talbert's application for summary relief.