J-S13032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| LAND TYCOON, INC. AND FAN DANCER, LLC | : IN THE SUPERIOR COURT OF<br>: PENNSYLVANIA<br>:<br>:<br>:<br>: |
| v. | :<br>:<br>:<br>: |
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC4 ASSET BACKED PASS-THROUGH CERTIFICATES | : No. 2637 EDA 2022<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST. SERIES 2006-NC4 ASSET BACKED PASS-THROUGH CERTIFICATES | :<br>:<br>:<br>:<br>:<br>:<br>: |
| v. | :<br>:<br>:<br>: |
| FAN DANCER, LLC. AND NORTHEAST INVESTORS GROUP, INC. | :<br>:<br>:<br>: |
| APPEAL OF: LAND TYCOON, INC.AND FAN DANCER, LLC AND NORTHEAST INVESTORS, INC. | :<br>:<br>:<br>:<br>: |

Appeal from the Judgment Entered March 29, 2023
In the Court of Common Pleas of Monroe County Civil Division at No(s):
002300-CV-2013,
003533-CV-2019

J-S13032-23

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 15, 2023**

Northeast Investors Group, Inc. ("Northeast"), originally Land Tycoon, Inc., and Fan Dancer, LLC (collectively "Appellants") appeal from the judgments entered in favor of Wells Fargo Bank, N.A. as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset Backed Pass-Through Certificates ("Wells Fargo") following a trial in consolidated actions. We affirm.

The trial court aptly summarized the factual background of this case which it describes as "unusual" and "convoluted":

> Both matters started with the purchase by Fay James in July 2006 of real property located at 28 Eagle Drive, East Stroudsburg, PA 18302 ("real property"), now known as 516 Eagle Drive due to 911 addressing. The real property is located in the Big Ridge Development, also known as Country Club of the Poconos.
>
> ***
>
> On July 25, 2006, by deed recorded in Record Book 2275 page 3039, Ms. James became the record owner of the property for the purchase price of $375,000.[1] Ms. James obtained 100% financing for the purchase price from New Century Mortgage Corporation ("New Century"). Ms. James acquired a first mortgage from New Century in Record Book 2275 page 3046, recorded on July 2[5], 2006, for $300,000; and a second mortgage from New Century in Record Book 2275 page 3071, recorded on July 25, 2006, for $75,000.
>
> The second mortgage lien for $75,000 was thereafter assigned on October 17, 2008 to Credit Based Asset and Securitization, LLC ("Credit Based") in Record Book 2343 page 6576. The first mortgage lien for $300,000 was thereafter assigned on June 16, 2009 to … Wells Fargo, in Record Book 2355

_____

* Former Justice specially assigned to the Superior Court.
[1] The trial court took judicial notice of the deeds and mortgages of record in the Monroe County Recorder of Deeds office concerning the real property.

- 2 -

page 572. It is noted that Ms. James was already in default of both loans at the time of the assignments to Credit Based and Wells Fargo.

The second mortgage lienholder, Credit Based, then filed a foreclosure action against Ms. James, obtained an *in rem* judgment, and proceeded to a Sheriff's sale of the real property. At the Sheriff's sale, Credit Based was the high bidder for costs. The Monroe County Sheriff's office then mistakenly issued a deed to <u>Wells Fargo</u> (emphasis added) as Grantee which was recorded on March 1, 2010 in Record Book 2367 page 2581.[FN1] The Monroe County Sheriff's office learned of the mistake and filed a Corrective Deed to Credit Based on April 19, 2010 in Record Book 2369 page 4107.

> [FN1: There was no testimony offered from the Sheriff's office as to the reason for the mistake in naming Wells Fargo as Grantee when Credit Based brought the foreclosure action and was the successful bidder. However, it would appear it was simply a mistake likely brought on by the fact that Wells Fargo was the first mortgage lienholder and the Sheriff's office assumed that was the party moving for the foreclosure.]

Credit Based then transferred the real property to Pledged Property II, LLC by deed recorded June 21, 2010 in Record Book 2373 page 2157. Pledged Property II, LLC conveyed the real property to Whole Loan Trust 2010, LLC by deed recorded December 10, 2010 in Record Book 2380 page 1723.

In 2011, Wells Fargo initiated a mortgage foreclosure upon its first in time lien secured by the real property. That foreclosure action by Wells Fargo was never completed and it was eventually discontinued.

Meanwhile, the real estate taxes went unpaid and the real property was exposed to an Upset Tax Sale in September 2012, during the pendency of the Wells Fargo 2011 foreclosure action. At that time, Land Tycoon, Inc. as to an 80% interest, and Monroe Funding Group LLP as to a 20% interest, were the winning bidders at the tax sale for $38,718.49. A deed into Land Tycoon and Monroe Funding was recorded on November 29, 2012 in Record Book 2411 page 8120.

Land Tycoon then sought to intervene in the 2011 Wells Fargo mortgage foreclosure action against Ms. James as to their

first mortgage lien that was still pending. On March 7, 2013, the Honorable Stephen M. Higgins denied the Petition to Intervene. Land Tycoon appealed the decision, which was affirmed, although Wells Fargo ultimately discontinued that foreclosure action.

On March 13, 2013, Land Tycoon and Fan Dancer, LLC filed the instant quiet title action against Wells Fargo, seeking to extinguish the lien of Wells Fargo from the record.[FN2] [The trial court entered default judgment on July 31, 2013.] On September 5, 2013, a Final Praecipe in Default Judgment for Quiet Title was filed.

> [FN2: Monroe Funding was still the deeded owner of the property with Land Tycoon at the time; however, Fan Dancer was the Plaintiff with Land Tycoon in the action filed on March 13, 2013, even though Fan Dancer did not become the titled owner until October 28, 2013.]

On September 6, 2013, Wells Fargo filed a Petition to Open the Default Judgment. On October 28, 2013, Monroe Funding transferred its interest in the real property to the aforementioned Fan Dancer, LLC in Record Book 2429 page 4820. Thereafter, by Opinion and Order dated and filed on December 9, 2013, the Honorable Arthur L. Zulick granted the Petition to Open Default Judgment in the Quiet Title action.

Land Tycoon then transferred its interest in the real property to [Northeast], by deed recorded February 19, 2015 in Record Book 2450 page 234.

On May 7, 2019, Wells Fargo filed the instant foreclosure action against Northeast, Fan Dancer, and Fay E. James, the mortgagor. A default judgment was entered as to Ms. James. On February 23, 2021, Northeast granted a mortgage as to its interest in the real property to Believe, Inc. in the amount of $200,000 in Record Book 2569 page 9346, despite the ongoing litigation.

Trial Court Opinion (T.C.O.), 9/9/22, at 2-5 (paragraph breaks added and some footnotes omitted).

On April 19, 2021, Wells Fargo filed a motion to consolidate the two cases under Pa.R.C.P. 213(a) as the quiet title action (docketed at 2300-CV-

2013) and mortgage foreclosure action (docketed at 3533-CV-2019) involved the identical challenge to the validity of Wells Fargo's lien on the real property. On April 20, 2021, the trial court consolidated the two cases for the purposes of discovery and trial and indicated that the cases would be consolidated under the caption of the quiet title action.[2]

After a non-jury trial was held on July 21, 2011, the trial court issued one opinion and two verdicts which were all docketed at the lead case number. First, the trial court issued a verdict denying Land Tycoon and Fan Dancer's request for judgment to quiet title. Specifically, the trial court held that:

> [t]he mortgage of Wells Fargo was recorded as a first lien in July 2006. The second lienholder's foreclosure action and subsequent Sheriff's sale did not satisfy or divest the first lien of Wells Fargo. The Sheriff's corrective deed placed title in Credit Based, which subsequently conveyed to Whole Loan Trust, the owner at the time of the Upset Tax Sale held in September 2012. The lien of Wells Fargo was a prior recorded lien on the property and was not divested as a result of the Upset Tax Sale under 72 [P.S. §] 5860.609.[3]

---

[2] This Court has recognized that "[b]ecause of the strict rules governing mortgage foreclosure, an action to quiet title is permissibly joined to a foreclosure action only where the action to quiet title is based on the validity of the mortgage itself. **Nicholas v. Hofmann**, 158 A.3d 675, 697 (Pa.Super. 2017) (citing **Meara v. Hewitt**, 314 A.2d 263, 264 (Pa. 1974)).

[3] Section 5860.609 of the Real Estate Tax Sale Law provides for the nondivestiture of liens in an upset tax sale, stating that:

> "[e]very such sale shall convey title to the property under and subject to the lien of every recorded obligation, claim, lien, estate, mortgage, ground rent and Commonwealth tax lien not included in the upset price with which said property may have or shall become charged or for which it may become liable.

72 P.S. § 5860.609.

T.C.O. at 9.

Second, in the foreclosure action, as the trial court had found that the real property, now titled in the name of Northeast and Fan Dancer, remained encumbered by Wells Fargo's lien, the trial court found the mortgage lien in default and entered judgment in favor of Wells Fargo for the amount of $742,805.97 with per diem interest.

On September 19, 2022, Appellants filed a motion for post-trial relief listing both docket numbers, which the trial court denied in a single order entered on September 21, 2022, docketed at the lead case number. Appellants filed a notice of appeal listing both docket numbers, purportedly appealing from the trial court's order denying their post-trial motions.

On December 29, 2022, this Court filed an order informing Appellants that orders denying post-sentence motions are interlocutory and not ordinarily appealable, but the subsequent judgment is appealable.[4] ***See Prime Medica Assoc. v. Valley Forge Ins. Co.***, 970 A.2d 1149, 1154 n. 6 (Pa.Super. 2009). Thus, this Court directed Appellants to file a *praecipe* for judgment with the trial court as final judgment had not been entered on the docket on either

---

[4] This Court noted that the trial court had attempted to enter judgment on the day the verdict was entered, but this action was premature and void. ***See Moore v. Quigley***, 168 A.2d 334, 336 (Pa. 1961) (trial court cannot enter judgment until the time for filing post-trial motions has expired).

case after the denial of Appellants' post-trial motion. On January 4, 2023, Appellants complied and filed a *praecipe* for judgment on both dockets.[5]

However, as the judgment entered at 2300-CV-2013 was not consistent with the verdict, on March 27, 2023, this Court issued an order vacating the incorrect judgment and directing the trial court to enter a corrected judgment and to docket both judgments at the lead case number. On March 29, 2023, the trial court prothonotary vacated the prior judgment and entered a corrected judgment at 2300-CV-2013. On the same day, Appellants filed a *praecipe* for the entry of judgment on 3533-CV-2019 at the lead docket.[6]

Appellants raise two issues for our review on appeal:

---

[5] This Court has held that "[a] final judgment entered during the pendency of an appeal is sufficient to perfect appellate jurisdiction." ***Prime Medica Assoc.***, 970 A.2d at 1154 n. 6.

[6] We recognize Appellants filed one notice of appeal for the judgments in the quiet title and foreclosure actions that had been consolidated by the trial court at Wells Fargo's request. As noted above, Appellants purported to appeal the trial court's order denying its post-trial motion docketed at the lead case number. Appellants should have filed separate notices of appeal from each judgment. ***See*** Pa.R.A.P. 341, note ("[w]here … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed").

However, the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate." Pa.R.A.P. 902. ***See also Commonwealth v. Young***, 265 A.3d 462, 477 (Pa. 2021) (holding that "where a timely appeal is erroneously filed …, Rule 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate"); ***Oster v. Serfass Construction Co., Inc.***, 1052 EDA 2021, 2022 WL 3440490 at *2 n. 4 (Pa.Super. August 17, 2022) (unpublished memorandum) (exercising discretion to overlook appellant's procedural misstep in filing one notice of appeal from two orders at consolidated dockets).

1. Whether the Appellee, Wells Fargo Bank, N.A., as Trustee, failed to protect its interest as the lienholder of record, rending the mortgage divested, where:

    a. Wells Fargo failed to object to the Sheriff of Monroe County's issuance of a Sheriff's Sale deed into Wells Fargo following the Sheriff's Sale of the property, despite Wells Fargo being a first position mortgage lienholder against the property but not being the foreclosing mortgage lienholder which resolute in the Sheriff's Sale; and

    b. Both Wells Fargo and the foreclosing lienholder failed to object to the errant Sheriff's Deed, and where Wells Fargo further failed to correct the errant Sheriff's Deed by filing a petition with the court as required under Pennsylvania Rule of Civil Procedure 3135(b), to correct a mistaken Sheriff's Deed, and where as a result the Sheriff's Sale extinguished by merger Wells Fargo's lien.

2. Whether the trial court abused its discretion by granting the petition to open a default judgment of the Appellee, Wells Fargo, where Wells Fargo presented no valid reasons for the delay in answering the Complaint, nor did Wells Fargo seek to open the default judgment within ten (10) days of the entry of judgment, as required by Pennsylvania Rule of Civil Procedure 237.1, and where Wells Fargo failed to file its motion to open the default judgment for almost six months after service of the complaint and more than thirty (30) days from the entry date of the default judgment.

Appellants' Brief, at 4-5 (suggested answers omitted).

Appellants first claim that Wells Fargo's original mortgage on the real property was extinguished through merger when the Monroe County Sheriff's Office mistakenly issued a deed for the property on March 1, 2010 to Wells Fargo even though Credit Based had purchased the property at the Sheriff's sale after it had obtained an *in rem* foreclosure judgment on its mortgage.

Although the Sheriff's Office on its own volition issued a corrective deed to Credit Based on April 19, 2010, Appellants claim this deed was void.

Specifically, Appellants suggest that a defective deed may only be corrected through the filing of a petition pursuant to Pa.R.C.P. 3135(b), which they claim requires a purchaser or the purchaser's successors to seek court permission for this request before a corrective deed can issue. As Appellants assert that the sheriff had no authority to correct the deed, Appellants allege that title had transferred to Wells Fargo in the original deed and extinguished Wells Fargo's mortgage through merger.

However, Appellant fail to recognize that the original deed erroneously issued to Wells Fargo was void. Our Supreme Court has held that after the delivery of a sheriff's deed to a purchaser, the only possible challenges to the sheriff's sale and the deed "are those based on fraud which vitiates the transaction, or the lack of authority to make the sale." *Concord-Liberty Sav. & Loan Ass'n v. NTC Properties, Inc.*, 312 A.2d 4, 5–6 (Pa. 1973).

It is undisputed that the sheriff mistakenly issued the original deed to Wells Fargo on February 26, 2010.[7] The original deed itself states that the property was being sold as a result of the foreclosure lawsuit brought by Credit Based, not Wells Fargo. Credit Based is the only entity that obtained an *in rem* mortgage foreclosure judgment, moved for the sale of the property at the Sheriff's sale, and successfully purchased the property at said sale. In

---

[7] Appellants' argument that the sheriff had no authority to issue a corrective deed to Credit Based is misplaced as this assertion fails to challenge the trial court's ultimate conclusions that the real property is still encumbered by Wells Fargo's mortgage lien, which was not divested by the sheriff's sale in 2010 or the upset tax sale in 2012.

contrast, Wells Fargo had not moved for foreclosure on its mortgage, did not obtain any judgment against the property, and did not buy the property at the January 28, 2010 Sheriff's Sale. As such, the original deed was a legal nullity as the sheriff had no authority to issue the deed to Wells Fargo.

To the extent that Appellants suggest that the erroneous and void deed unintentionally issued by the Sheriff merged with Wells Fargo's mortgage to transfer ownership of the property to Wells Fargo and extinguished its mortgage, Appellants provide no authority for this proposition and include no analysis beyond this bald assertion. *See In re M.Z.T.M.W.*, 163 A.3d 462, 465 (Pa.Super. 2017) ("[i]t is well-settled that this Court will not review a claim unless it is developed in the argument section of an appellant's brief, and supported by citations to relevant authority") (citations omitted). We thus find this subissue to be waived.

Second, Appellants argue that the trial court abused its discretion in granting Wells Fargo's petition to open the default judgment entered in the quiet title action as Wells Fargo did not seek to open the default judgment in a timely manner. We are guided by the following principles:

> In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading. The standard of review for challenges to a decision concerning the opening of a default judgment is well settled.
>
> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to

- 10 -

open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

***Smith v. Morrell Beer Distributors, Inc.,*** 29 A.3d 23, 25 (Pa.Super. 2011) (citations omitted).

Pennsylvania Rule of Civil Procedure 237.3(b)(2) provides in relevant part:

**Rule 237.3 Relief From Judgment of Non Pros or by Default**

(a) A petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.

(b)(1) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

Pa.R.C.P. 237.3(a), (b)(1). The comment to Rule 237.3 further explains that:

Rule 237.3 does not change the law of opening judgments. Rather, the rule supplies two of the three requisites for opening such judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment. The requirement of this rule for proceeding within ten days is not intended to set a standard for timeliness in circumstances outside this rule.

Pa.R.C.P. 237.3, cmt.

Specifically, Appellants limit their challenge to claim that Wells Fargo failed to promptly seek to open the default judgment and presented no valid

reasons for its delay in answering the Complaint and in seeking to open the default judgment.[8]

Our review of the record reveals that on July 31, 2013, the trial court issued an order indicating that a default judgment was entered against Wells Fargo for the real property at issue. The order, however, also directed the Prothonotary to enter final judgment upon praecipe if Wells Fargo did not file exceptions within thirty days of the date of the decree.[9] On September 5, 2013, a Final Praecipe in Default Judgment for Quiet Title was filed and the default judgment was entered on the docket on September 5, 2013. Wells Fargo filed its petition to open the default judgment on September 6, 2013.

We note that Rule 237.3 states that the trial court shall open the judgment if "the petition is filed within ten days *after the entry of the judgment on the docket*" and the answer states a meritorious cause of action or defense. As the default judgment was not entered on the docket until September 5, 2013, Wells Fargo's petition to open the default judgment, filed one day later, was timely and complied with Rule 237.3.

Appellants assert that Wells Fargo was required to file its petition to open within ten days of the trial court's July 31, 2013 order indicating that default judgment would be entered if Wells Fargo did not file exceptions within thirty days.

---

[8] Appellants do not argue that Wells Fargo failed to provide a meritorious defense. Thus, we need not discuss this point further.
[9] It does not appear that Appellants opposed the trial court's decision to give Wells Fargo thirty days to file exceptions to the order.

Even assuming arguendo that the default judgment was entered on July 31, 2013, the trial court found that Wells Fargo provided a reasonable excuse for its delay in responding to Appellants' quiet title complaint and in filing its petition to open. The trial court noted that Appellants had served Wells Fargo with the complaint and notice of default judgment at a bank branch in South Carolina, a location which was not Wells Fargo's principal place of business and was not related to pending litigation in the 2011 Wells Fargo foreclosure action for the property. Opinion, 12/9/13, at 2. The trial court also observed that Appellants did not provide notice to Wells Fargo's counsel who they were in contact with in the Wells Fargo foreclosure litigation concerning the same mortgage.

Further, Appellants do not claim that Wells Fargo failed to set forth a meritorious defense to support its petition to open the default judgment. Appellants have not argued that the trial court erred in determining that Wells Fargo's mortgage lien on the property, recorded in 2006, was not divested by the Upset Tax Sale in September 2012 pursuant to 72 P.S. § 5860.609.

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in granting Wells Fargo's request to open the default judgment entered against it in the quiet title action filed by Appellants.

Judgment affirmed at both dockets (002300-CV-2013 and 003533-CV-2019).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/15/2023*